ROSE v. STEPHENS & CONDIT TRANSP. CO.

*(Circuit Court, S. D. New York.   March 9, 1882.)*

1. NEGLIGENCE—EXPLOSION OF BOILER—PRESUMPTION.

Negligence may be inferred from the fact of the explosion of a boiler, whether there be any relation between the owner of the boiler and the party injured or not. The presumption originates from the nature of the act, and not from the nature of the relations between the parties.

2. SAME—BURDEN OF PROOF.

Where an accident happens, as in the bursting of a boiler, in the absence of explanatory circumstances, negligence will be presumed, and the burden is cast upon the owner to disprove it.

3. INSTRUCTIONS.

Instructions to the jury must be considered in their integrity, and not in isolated parts.

4. NEW TRIAL—EXCESSIVE DAMAGES.

Where the verdict of the jury, in a case of damages for personal injuries from negligence, is not so obviously extravagant as to indicate prejudice or partiality, it will not be disturbed.

*Chauncey Shaffer,* for plaintiff.

*Butler, Stillman & Hubbard,* for defendant.

WALLACE, D. J. The plaintiff was injured by the explosion of a steam-boiler which was being used by the defendant to propel a vessel chartered by the defendant to others to be used for the transportation of passengers and freight. If the explosion resulted either from the carelessness of the employes of the defendant in charge of

the boiler, or from the negligence of the defendant in sending forth an unsafe and dangerous boiler to be used where human life would be endangered if the boiler should explode, it is conceded the defendant was liable. It is contended, however, that it was error to instruct the jury that they might infer such negligence from the fact of the explosion; and it is argued that such a presumption only obtains when the defendant is under a contract obligation to the plaintiff, as in the case of a common carrier or bailee. Undoubtedly the presumption has been more frequently applied in cases against carriers of passengers than in any other class, but there is no foundation in authority or in reason for any such limitation of the rule of evidence. The presumption originates from the nature of the act, not from the nature of the relations between the parties. It is indulged as a legitimate inference whenever the occurrence is such as, in the ordinary course of things, does not take place when proper care is exercised, and is one for which the defendant is responsible. It will be sufficient to cite two cases in illustration of the rule, without referring to other authorities.

In *Scott* v. *London & St. Catherine Dock Co.* 3 Hurl. & C. 596, the plaintiff, as he was passing by a warehouse of the defendant, was injured by bags of sugar falling from a crane by which they were lowered to the ground. The court said there must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. This case is cited, with approbation, in *Transp. Co.* v. *Downer*, 11 Wall. 129.

In *Mullen* v. *St. John*, 57 N. Y. 567, the plaintiff, who was upon a street sidewalk, was injured by the fall of an unoccupied building owned by defendant; and it was held that, from the happening of such an accident, in the absence of explanatory circumstances, negligence should be presumed and the burden cast upon the owner to disprove it.

In the present case the boiler which exploded was in the control of the employes of the defendant. As boilers do not usually explode when they are in a safe condition, and are properly managed, the inference that this boiler was not in a safe condition, or was not properly managed, was justifiable, and the instructions to the jury were correct.

The other questions which are presented upon the motion are not sufficiently serious to deserve extended comment. The instructions to the jury must be considered in their integrity, and not in isolated parts, and so considered present the law of the case fairly and correctly. The evidence amply justified the jury in the conclusion that the defendant had not made such an examination of the boiler as prudence required, preparatory to its employment for the season of 1878, and which, if made, would have revealed the defect.

The verdict undoubtedly awarded the plaintiff liberal damages for the injuries he sustained, but it is very difficult to measure the compensation which a party should receive for such acute suffering as the plaintiff experienced. Certainly the verdict is not so obviously extravagant as to indicate prejudice or partiality. The motion for a new trial is denied.