## Gill *et al. v.* Brown.[*]

*(Knoxville.* September Term, 1914.)

1. **NELIGENCE.** "Res ipsa loquitur."

Where, from the nature and circumstances of the occurrence that has caused an injury, the maxim *"res ipsa loquitur"* is applicable, the burden of proof of negligence is not thereby shifted from plaintiff to defendant, nor is plaintiff relieved from the burden of showing negligence; but the doctrine merely raises an inference that, if due care had been employed by the person in charge of the instrumentality or premises, the casualty would not have happened, and the jury would be warranted in inferring that some negligence had occurred in respect of management or condition. (*Post, pp.* 177-179.)

Cases cited and approved: Sweeney v. Erving, 228 U. S., 233; Kay v. Metropolitan Street R. Co., 163 N. Y., 447; Womble v. Merchants' Grocery Co., 135 N. C., 474.

Cases cited and distinguished: Young v. Bransford, 80 Tenn., 232; Rose v. Transportation Co., 20 Blatchf., 411.

2. **MASTER AND SERVANT.** Injuries to servant. Negligence. Question for jury.

Where a servant was injured by the explosion of a boiler in defendant's plant, and there was evidence that the boiler was old and that several rivets, which had rusted to such an extent as to render them inadequate, were found after the explosion as a part of the wreckage, there was sufficient evidence to entitle plaintiff to go to the jury on the question of defendant's negligence, independent of the doctrine of *res ipsa loquitur.* (*Post, pp.* 179, 180.)

Cases cited and approved: Fitzgerald v. Southern R. Co., 6 L. R. A., 337; Byers v. Carnegie Steel Co., 16 L. R. A., 214.

---

[*]The question of the relation of the doctrine of *res ipsa loquitur* to burden of proof is treated in a note in 16 L. R. A. (N. S.), 527.

Gill et al. v. Brown.

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—VON A. HUFFAKER, Judge.

MEACHAM & McGAUGHY, O. L. WHITE and MOON, MOON & TRIMBLE, for plaintiff.

THOMAS L. CARTY, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action by Will Brown against George Gill and his brother to recover damages resulting from a boiler explosion. Brown, a youth thirteen years of age, was an employee of the Gills, though his duties were connected with attendance on the boiler, which ran a sawmill. The gist of the declaration is negligence in the operation of a very old and defective boiler.

The proof indicated that the boiler had been used for about forty years, that it was by force of the explosion blown into four parts, and that a rivet therefrom was found that had rusted.

At the close of the testimony there was a motion interposed by the defendants below for peremptory instruction of the jury in their favor which was disallowed by the trial judge, who thereupon submitted the

issues to the jury, which rendered a verdict in favor
of Brown. Upon appeal to the court of civil appeals
it was by that court held that the motion should have
been sustained. The case is before this court on peti-
tion for *certiorari* to review the last-named judgment.
The court of civil appeals held that Brown, the plain-
tiff below, had not adduced any proof of negligence
touching the boiler or its explosion which the jury
could use as a support for a verdict of liability. That
court applied to the boiler in question the rules appli-
cable to ordinary machinery and instrumentalities, and
did not take note of the ruling in *Young* v. *Bransford,*
12 Lea. (80 Tenn.), 232, in reference to the maxim *"res
ipsa loquitur"* having application to the explosion of
the boiler. In that case it was said:

"If, in the language of the trial judge in the case
before us, 'when the killing is proved to have been
done by the explosion of the defendants' boiler, the
burden is thrown upon them to show that they were
guilty of no negligence, and that the accident was un-
avoidable,' the owners of the boiler would be virtually
held as insurers of the safety of others against dam-
ages arising from its use. At the same time the fact
there was an explosion, which is not an ordinary inci-
dent of the use of a steam boiler, ought to have some
weight, inasmuch as it may be out of the power of the
aggrieved party in some instances to prove any more.
The reasonable rule would seem to be that laid down by
Judge Wallace as above (*Rose* v. *Transportation Co.*
[C. C.], 20 Blatchf., 411, 11 Fed., 438), 'that from the

mere fact of an explosion it is competent for the jury to infer as a proposition of fact that there was some negligence in the management of the boiler, or some defect in its condition.' It ought not to have the weight of a conclusive presumption, either of law or fact, so as to compel the defendants, in order to avoid liability, to prove affirmatively 'that they were guilty of no negligence, and that the accident was unavoidable.' For the defendants might in some instances, as where the engineer and other employees were killed, be unable to make any positive proof. At most the question of negligence should be left to the jury to determine upon the evidence actually introduced."

While not stated with the customary clearness of the writer of that opinion, we understand its meaning to be that where, from the nature and circumstance of the occurrence that has caused the injury, the maxim finds application, the burden of proof is not shifted from the plaintiff to the defendant, nor is the plaintiff relieved of the burden of showing negligence; but further, that there may arise from the fact of explosion an "inference that, if due care had been employed by the party charged with care in the premises, the thing that happened amiss would not have happened," and the jury be warranted in inferring some negligence in respect of management or condition.

The distinction has been made in the recent case of *Sweeney* v. *Erving,* 228 U. S., 233, 57 L. Ed., 815, where it is said:

130 Tenn. 12

"In our opinion, 'res ipsa loquitur' means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. 'Res ipsa loquitur,' where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff.

"Such, we think, is the view generally taken of the matter in well-considered judicial opinions."

*Kay* v. *Metropolitan Street R. Co.,* 163 N. Y., 447, 57 N. E., 751, was an action by passenger against carrier, and the New York Court of Appeals said (163 N. Y., 453, 57 N. E., 752):

"In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption (referring to 'res ipsa loquitur'); but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff. . . . If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made the allegation should suffer, and not her adversary. The jury were bound to put the facts and cir-

cumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff. If, on the whole, the scale did not preponderate in favor of the presumption and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof."

In *Womble* v. *Merchants' Grocery Co.,* 135 N. C., 474, 47 S. E., 493, it was said that:

"The principle of *'res ipsa loquitur'* . . . carries the question of negligence to the jury, not relieving the plaintiff of the burden of proof, and not, we think, raising any presumption in his favor, but simply entitling the jury, in view of all the circumstances and conditions as shown by the plaintiff's evidence, to infer negligence and say whether, upon all of the evidence, the plaintiff has sustained his allegation."

The case of *Young* v. *Bransford,* supra, dealt with an injury to a stranger. We need not discuss whether the distinctive doctrine involved in *"res ipsa loquitur"* can find application in the case of injury to an employee (as to which see notes to *Fitzgerald* v. *Southern R. Co.,* 6 L. R. A. [N. S.], 337, and *Byers* v. *Carnegie Steel Co.,* 16 L. R. A. [N. S.], 214), for the reason that the record of the instant case shows that in addition to the mere physical cause of the injury, the explosion of the boiler, there was some proof of ante-

Gill et al. v. Brown.

cedent fault on the part of the employers as the responsible cause, as, for example, the finding as a part of the wreckage of rivets that had rusted to such an extent as to render them inadequate, as the jury might have inferred.

The court of civil appeals erred in reversing the judgment of the circuit court, and in sustaining the motion for peremptory instructions.

Reversed.