HAROLD NORMAN SHEPHERD, BNF v. MR. and MRS. JAMES BALL and DAVID BLALOCK. —337 S. W. (2d) 243.

Eastern Section. November 3, 1959.

Certiorari Denied by Supreme Court June 6, 1960.

Ogle & Ogle, Sevierville, for plaintiff in error.

H. H. McCampbell, Jr., Knoxville, for defendants in error.

McAMIS, P. J.  Harold Norman Shepherd, 20 years of age, by next friend, sued Mr. and Mrs. James Ball and David Blalock for personal injuries sustained in an automobile accident on December 24, 1957.

The accident occurred after dark when the Ball and Blalock cars collided after the Blalock car in which plaintiff was riding as a guest skidded on a wet pavement.

The Ball car, driven by Mrs. Ball, was traveling south going from Sevierville to Gatlinburg.  Blalock, driving his car in the opposite direction at a speed fixed by plaintiff at from 25 to 35 miles per hour, rounded a curve just prior to meeting the Ball car, skidded and slid a

distance of about 150 feet before colliding with the Ball car. At the moment of impact the rear of the Blalock car extended about 2 feet across the center line.

At the close of the plaintiff's proof in chief the Court sustained Blalock's motion for a directed verdict but allowed the case to go to the jury as to the Balls. The jury returned a verdict in their favor and no appeal was taken from the action of the Court in denying plaintiff's motion for a new trial as to the Balls. The present appeal involves only the propriety of directing a verdict in favor of Blalock, the host.

The facts are undisputed, the sole question being whether reasonable minds might differ on the issue of Blalock's negligence. We think the Court correctly resolved that question against the plaintiff.

Plaintiff himself testified that defendant was driving at a speed between 25 and 35 miles per hour which he considered a normal speed and that as the car came around a curve it struck a "slick spot" and began to skid. He made no criticism or objection to the way defendant was driving as he approached the curve or at any time after leaving Gatlinburg and described his driving as "all right". There is no criticism of the way in which the car was handled after it started skidding or of the mechanical condition of the brakes or the condition of the tires. It is shown that the highway was wet but there is no proof from which an inference might be drawn that defendant knew or should have known that, in coming around the curve, he would encounter a slick spot which would require more care and a reduction in speed. The basis of liability is thus reduced to the mere fact that the car skidded.

In the absence of antecedent negligence or negligence in the operation of the car after it has skidded, liability of the host driver to a guest passenger can not be predicated solely on skidding on a wet or slippery road. Hatch v. Brinkley, 169 Tenn. 17, 80 S. W. (2d) 838; 5A Am. Jur. 545, Automobiles and Highway Traffic, Section 501; Annotation 113 A. L. R. 1037.

The cases of Grizzard & Cuzzort v. O'Neill, 15 Tenn. App. 395, and Stanford v. Holloway, 25 Tenn. App. 379, 157 S. W. (2d) 864, relied upon by plaintiff, are not to the contrary. In both cases there was a showing of negligence of the driver of the skidding vehicle.

In the Grizzard case, there was snow on the highway and it was slippery. The plaintiff saw the defendant's truck when it was about 300 yards away approaching at a rapid rate of speed around a curve on the wrong side of the highway. Plaintiff pulled off on the shoulder and had stopped or was almost stopped when the truck skidded across the highway and struck him. The Court said in the opinion: "There was evidence that the truck was running at a rapid rate of speed. It appears that the slippery road alone was not responsible for the skidding and accident."

In the Stanford case also the speed of the defendant's vehicle prior to skidding was a factor. In that case the plaintiff was on the shoulder of the highway engaged in fastening his wrecker to another automobile which had skidded and wrecked on the icy pavement. The defendant approached "at a rapid rate of speed". [25 Tenn. App. 379, 157 S. W. (2d) 868] Her car skidded, left the pavement and injured the plaintiff while standing on the

shoulder between the wrecker and the wrecked automobile.

■■ In this case, as we have seen, plaintiff's testimony exonerates defendant of negligence prior to the skidding and there is no evidence of mechanical defects or negligent handling of the car after it skidded. Res ipsa locquitur does not apply because the slippery condition of the pavement and the unanticipated slick spot account for and explain the loss of control of the vehicle. Compare and contrast Sullivan v. Crabtree, 36 Tenn. App. 469, 258 S. W. (2d) 782; McCloud v. City of La Follette, 38 Tenn. App. 553, 276 S. W. (2d) 763; Burkett v. Johnston, 39 Tenn. App. 276, 282 S. W. (2d) 647.

We find no error and it results that the judgment will be affirmed.

Hale and Howard, JJ., concur.