ROY L. DAVIS, and DIXIE PORTLAND FLOUR MILLS, v. D. C. SPARKMAN.—396 S.W.(2d) 91.

Eastern Section. August 5, 1964.

Certiorari Denied by Supreme Court October 19, 1964.

Strang, Fletcher, Carriger & Walker, Chattanooga, for plaintiffs in error.

Timberlake, Brown, Curtis & Summar, Chattanooga, for defendant in error.

COOPER, J. Referring to the parties as they appeared below, plaintiff, D. C. Sparkman, brought this suit to recover for personal injuries and property damage sus-

tained when his automobile was struck by a tractor-trailer driven by the defendant, Roy L. Davis, in the course and scope of his employment by the defendant Dixie Portland Flour Mills. At the conclusion of all proof, the trial court sustained plaintiff's motion for a directed verdict on the issue of liability, and submitted the cause to the jury on the issue of damages only. The jury returned a verdict for plaintiff for $9,000.00 for personal injuries, and a verdict for $1,000.00 for property damage.

The defendants perfected their appeal contending (1) that the trial court erred in directing a verdict for the plaintiff, and (2) that the verdict of the jury was excessive.

■ In passing upon the propriety of the trial court's action in directing a verdict for the plaintiff, we must remember that the issue of liability should not be taken from the jury if reasonable men, acting as triers of the facts, could differ as to the conclusions or inferences to be drawn from the evidence introduced in this cause. Shuler v. Clabough, 38 Tenn.App. 333, 274 S.W.(2d) 17; Supreme Liberty Life Insurance Company v. Pemelton, 24 Tenn.App. 576, 148 S.W.(2d) 1.

Looking at the evidence in the light most favorable to the defendant as we are required to do, we find that the accident occurred at daybreak. Visibility was good even though it was raining. Dayton Boulevard, being paved with macadam, was slippery.

Prior to the accident, defendant had followed plaintiff for several blocks without incident, maintaining a distance between the vehicles of approximately 150 feet or more. Both vehicles were traveling at a speed of between 25-30 miles per hour.

As the plaintiff neared the intersection of Dayton Boulevard with Martin Road, the traffic signal turned from green to amber, the plaintiff brought his automobile to a gradual stop. The defendant, observing the changing light and plaintiff's stop, applied the brakes on his trailer. The trailer skidded sideways on the wet pavement. The defendant "straightened up" the trailer and again applied his brakes. The trailer again skidded sideways. Defendant, being too close to plaintiff to again attempt to straighten the trailer, applied the brakes on both the tractor and trailer. The trailer jackknifed and skidded 40 to 50 feet, striking plaintiff's automobile and knocking down a light post.

The record further shows that the proper procedure to prevent a trailer from jackknifing is to apply the trailer brakes first, and then apply the foot brakes which control both trailer and tractor brakes. The defendant followed this procedure.

The trailer was empty, but there is no indication in the evidence that the lack of a load had anything to do with the trailer skidding or jackknifing.

It is well-settled that a driver must keep his automobile under reasonable control when driving on wet and slippery streets, and if he operates it so that it is out of his control he is guilty of negligence and is liable for all injuries and damage proximately resulting therefrom. Stanford v. Holloway, 25 Tenn.App. 379, 157 S.W. (2d) 864; National Cash Register Co. v. Leach, 3 Tenn. App. 411.

It is equally well-settled that if, prior to losing control, the driver operates his vehicle in a manner commensurate with the traffic and road conditions existing

and loses control due to the condition of the road, he is not guilty of negligence. See 58 A.L.R. 278; 113 A.L.R. 1022; 5A Am.Jur., Automobiles and Highway Traffic, Secs 341 and 342.

As stated in Shepherd v. Ball, 47 Tenn.App. 189, 337 S.W.(2d) 243, 244,

■ "In the absence of antecedent negligence or negligence in the operation of the car after it has skidded, liability of the * * * driver * * * can not be predicated solely on skidding on a wet or slippery road."

■ The problem, then, in the present case is to determine if reasonable men, acting as triers of the facts, could differ as to the cause of the defendant losing control of his vehicle. We think they could. Reasonable control is frequently measured by the ability of the operator to stop his vehicle quickly and easily. When this result is not accomplished, we think an inference is warranted that the vehicle was traveling too fast or that adequate control was not maintained. Then, too, we think a jury reasonably could find from the above evidence that the defendant was operating his automobile as a reasonable, prudent man would under the circumstances, and that his skid, and resultant loss of control, was due to the condition of the roadway.

Plaintiff urges that the above proof brings the case within the *res ipsa loquitur* doctrine, and that the defendant is liable for damages as a matter of law in the absence of proof of a "legal excuse" explaining the skid and resultant loss of control. A "legal excuse", according to plaintiff's brief, is some event of which defendant was not previously aware and had no reason to anticipate.

70

The Courts have been almost unanimous in holding that the doctrine of *res ipsa loquitur* does not apply in the usual situation where an automobile skids on a wet road. See Anno. 58 A.L.R. 269, 113 A.L.R. 1014 and cases there cited. See also 5A Am.Jur., Automobiles and Highway Traffic, Sec. 341, p. 440, wherein it is stated:

"The mere fact, therefore, that an automobile skids does not of itself constitute evidence of negligence upon the driver's part so as to render the doctrine of res ipsa loquitur applicable. Skidding is not an occurrence of such uncommon or unusual character that, unexplained, it furnishes evidence of the driver's negligence. The question is one of the exercise of care; if the requisite degree of care is exercised, no liability results from the skidding." Cf. Shepherd v. Ball, 47 Tenn.App., 189, 337 S.W. (2d) 243, 244.

But, even if we were to hold that the facts of this case brought it within the doctrine of *res ipsa loquitur*, it would not require a directed verdict for plaintiff.

As pointed out in Sullivan v. Crabtree, 36 Tenn.App. 469, 258 S.W.(2d) 782, 784-785.

"The maxim *res ipsa loquitur* means that the facts of the occurrence evidence negligence; the circumstances unexplained justify an inference of negligence. In the principle of proof employed, a case of *res ipsa loquitur* does not differ from an ordinary case of circumstantial evidence. *Res ipsa loquitur* is not an arbitrary rule but rather 'a common sense appraisal of the probative value of circumstantial evidence.' Boykin v. Chase Bottling Works, 32 Tenn.App. 508, 520-523, 222 S.W.(2d) 889, 896.

\* \* \* \* \* \*

■ "In the ordinary case, * * * *res ipsa loquitur* merely makes a case for the jury—merely permits the jury to choose the inference of defendant's negligence in preference to other permissible or reasonable inferences."

In the present case, as pointed out above, the cause of the accident and the resulting injuries was defendant's loss of control of his tractor-trailer. This may have been due to his own negligence, or it may have been due to no fault of his—an unavoidable accident resulting from the condition of the road. Since such conflicting inferences might be reasonably drawn from the evidence, we think it was for the jury to choose the inference they thought most probable, and that the trial court was in error in directing a verdict for plaintiff.

In view of the above conclusion, it becomes unnecessary for us to pass on defendant's contention that the verdict of the jury was excessive.

For the reason hereinabove stated, the judgment of the trial court is reversed and the cause is remanded for a new trial. Costs incident to the appeal are adjudged against the plaintiff, D. C. Sparkman. The costs below will abide the judgment in the trial court.

McAmis, P. J., and Parrott, J., concur.