JOE W. HUDSON v. J. P. STEPP, JR.
SUSAN K. HUDSON, b/n/f JOE W. HUDSON
v. J. P. STEPP, JR.—393 S.W.(2d) 301.

Eastern Section.  March 10, 1965.

Certiorari Denied by Supreme Court August 11, 1965.

Ridenour & Kinnard, Sweetwater, for appellants.

Poore, Cox, Baker & McAuley, Knoxville, for appellee.

PARROTT, J. Susan K. Hudson, a minor suing by next friend, and her father, Joe W. Hudson, brought these suits against J. P. Stepp, Jr., for damages for personal injuries to Susan K. Hudson which grew out of an automobile accident when a car owned by Stepp and operated by his daughter, Edith Carol Stepp, left the highway

and struck a utility pole. The two cases were tried together and at the close of the plaintiffs' proof the circuit judge sustained a motion for a directed verdict in favor of the defendant.

The accident occurred on the Vonore-Sweetwater Road in Monroe County, Tennessee, on August 23, 1962, at approximately 8:45 p.m., during the nighttime.

Edith Carol Stepp was driving the car which was occupied by Miss Hudson and Miss Goode, all teenagers, who were going to see Sandra Goode's boyfriend. The car approached an uphill curve which turned to the left, and upon entering the curve, the car left the asphalt surface of the road and struck a utility pole. Miss Stepp testified she was familiar with the road at this particular curve, having driven over it on prior occasions. She further testified that there was always loose gravel or rock on this curve. At this time she was driving between 35 and 40 miles per hour and had noticed nothing unusual about the car until she started to turn the curve when all of a sudden the car acted funny, as if it was sliding or if a tire had blown out and did not respond to her efforts to steer the car. She applied her brakes and the car left the pavement and struck the pole.

Susan K. Hudson testified she did not know the speed of the car but that Miss Stepp slowed down as they entered the curve and prior to the accident everything appeared to be normal. She was not looking where they were going and the accident happened so fast she did not know what happened. She further testified the radio was on and she was talking to the other girls but did feel the car slide a little bit in the gravel before it struck the pole.

Kenneth Davis, the investigating officer, arrived at the scene a few minutes after the accident and observed a

two-foot skid mark which appeared to have been made by the left rear wheel of the Stepp car. There is other testimony of skid marks reaching from four to five steps in length. Mr. Davis further testified that Miss Stepp returned to the scene of the accident before he completed his investigation and told him she was driving at a safe speed and the car got off the road with her into the gravel and she lost control.

■ After the introduction of the above stated proof, the circuit judge sustained the motion of the defendant for directed verdict. In reviewing the action of the trial court in directing the verdict for the defendant at the close of the plaintiff's proof, this court is required to take the most legitimate view of the evidence, and if reasonable men could differ as to conclusions or inferences to be drawn from the whole evidence introduced in the cause, the question of liability is one for the jury. Shuler v. Clabough, 38 Tenn.App. 333, 274 S.W.(2d) 17.

Plaintiff has filed several assignments of error but the real questions for this court to answer are: Was there sufficient material negligence proven to justify submitting the case to the jury, and is the doctrine of res ipsa loquitur applicable?

■ ■ Tennessee has long recognized that the doctrine of res ipsa loquitur is applicable to certain automobile accidents. It is said in the very able opinion in Sullivan v. Crabtree, 36 Tenn.App. 469, 258 S.W.(2d) 782, that where a motor vehicle, without apparent cause, runs off the road and causes harm, the normal inference is that the driver was negligent and res ipsa loquitur is usually held to apply. The opinion further defines the doctrine of res ipsa as follows:

"The classic statement of the doctrine of res ipsa loquitur is this: '[W]here the thing [causing the harm] is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.' Erle, C. J., Scott v. London and St. Katherine Docks Co. (1865), 3 H. & C. 596, 159 Eng.Reprint 665, 667.

\*　　\*　　\*　　\*　　·　\*　　\*

" 'The maxim res ipsa loquitur means that the facts of the occurrence evidence negligence; the circumstances unexplained justify an inference of negligence. In the principle of proof employed, a case of res ipsa loquitur does not differ from an ordinary case of circumstantial evidence. Res ipsa loquitur is not an arbitrary rule but rather 'a common sense appraisal of the probative value of circumstantial evidence.' Boykin v. Chase Bottling Works, 32 Tenn.App. 508, 520-523, 222 S.W. (2d) 889, 896."

It also sets out the procedural effect of the doctrine on page 476 of 36 Tenn.App., on page 785 of 258 S.W.(2d):

"(1) It warrants an inference of negligence which the jury may draw or not, as their judgment dictates. Poor Sisters of St. Francis v. Long, 190 Tenn. 434, 442-443, 230 S.W.(2d) 659; Boykin v. Chase Bottling Works, 32 Tenn.App. 508, 522-523, 222 S.W.(2d) 889.

"(2) It raises a presumption of negligence which requires the jury to find negligence if defendant does not produce evidence sufficient to rebut the presumption. Gill v. Brown, 130 Tenn. 174, 178, 169 S.W. 752; Kay v.

Metropolitan Street R. Co., 163 N.Y. 447, 57 N.E. 751; Prosser on Torts, 304; cf. Foltis Inc. v. City of New York, 287 N.Y. 108, 38 N.E.(2d) 455, 153 A.L.R. 1122; Annotation, 153 A.L.R. 1134.

"(3) It not only raises such a presumption but also shifts the ultimate burden of proof to defendant and requires him to prove by a preponderance of all the evidence that the injury was not caused by his negligence. Turnpike Co. v. Yates, 108 Tenn. 428, 434, 67 S.W. 69; Gorsuch v. Swan, 109 Tenn. 36, 69 S.W. 1113, 97 Am.St.Rep. 836; Prosser on Torts, 304, 305"

In the recent case of Davis et al. v. Sparkman, 396 S.W.(2d) 91, decided by this court on August 5, 1964, in an opinion by Judge Robert E. Cooper, there is a very comprehensive discussion of the doctrine in regard to automobiles cases.

We are of the opinion that the doctrine of res ipsa loquitur is applicable to this case. We think the question of liability is one that should be decided by the jury because reasonable men may differ as to the conclusion to be drawn both as to the probable cause of the accident and whether the operator of the motor vehicle was negligent. In this case the cause of the accident was the driver's loss of control of her car. This may have been due to her negligence or it may have been due to no fault of hers—unavoidable accident due to a blowout. Since different inferences may be drawn from the evidence, the jury should be permitted to choose the inference they think most reasonable and probable. Sullivan v. Crabtree, supra; Davis v. Sparkman, supra.

The trial judge was under the impression, and he so stated, that the plaintiffs had deprived themselves of the

doctrine of res ipsa loquitur by putting Miss Stepp, the driver of the car, on the witness stand. This is an erroneous impression. The mere fact that the person charged with negligence is called as a witness or the defendant offers proof, does not destroy the doctrine.

In the Second Edition of Prosser on Torts at page 215, it is stated:

"If the defendant seeks a directed verdict in his favor, he must produce evidence which will destroy any reasonable inference of negligence, or so completely contradict it that reasonable men could not longer accept it.

\*　　\*　　\*　　\*　　\*　　\*

"But if the defendant merely offers evidence of his own acts and precautions amounting to reasonable care, it is seldom that a verdict can be directed in his favor. The inference from the circumstances remains in the case to contradict his evidence."

This rule appears to have been followed in the case of Oliver v. Union Transfer Co., 17 Tenn.App. 694, 71 S.W. (2d) 478.

Thus it results the circuit judge's action in directing a verdict for the defendant must be reversed and the case remanded to the circuit court for another trial.

McAmis, P. J., and Cooper, J., concur.