# JAMES C. PARRIS et al. v. JAMES SIMS.
## —426 S.W.(2d) 200.

Eastern Section. October 3, 1967.

Certiorari Denied by Supreme Court March 4, 1968.

Harry Weill Chattanooga, for plaintiffs in error James C. Parris and Verla Parris.

Paul Sorrick, Jr., Chattanooga, for plaintiffs in error Thomas Parris and wife.

H. Wayne Grant and Fred M. Williams, Chattanooga, for plaintiffs in error Claire D. Hailey and W. C. Hailey, Jr.

Thomas Crutchfield, Chattanooga, for plaintiff in error Floweree Whitaker.

Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, for defendant in error James Sims.

McAMIS, P.J. In these consolidated cases seven separate actions were brought against James Sims, growing out of a four-car collision on Broad Street, a four lane, heavily traveled street in Chattanooga. A trial before the Court and a jury resulted in verdicts and judgments in all cases for defendant. Plaintiffs have appealed raising as their principal complaint the action of the Court in overruling their separate motions for a directed verdict at the conclusion of all the proof.

We think the motions should have been sustained. The proof will be hereinafter summarized in the light most favorable to defendant. So considered, we think the undisputed proof and every reasonable inference to be drawn therefrom shows the defendant Sims was negligent in the operation of his car. There is no proof or even a

suggestion that the accident was unavoidable or that any of the plaintiffs were in any way at fault, as the undisputed proof shows all of the cars except defendant's were stopped in a long line of cars when defendant's car struck the rear of the car of the plaintiff Hailey knocking it into the car of the plaintiff Parris. The Parris car, in turn, was knocked into the fourth car operated by one Shrophire who is not a party to this litigation.

The accident occurred at 4 P. M. March 31, 1965. Traffic had backed up in the outside south-bound lane forcing the Shrophire car to stop. The Parris car then stopped, and finally the Hailey car. The undisputed proof shows the Hailey car was stopped when defendant applied his brakes.

The declarations charge defendant with failing to keep a proper lookout, failure to have his car under proper control, excessive speed under prevailing conditions and failing to bring his car to a stop or turn it aside to avoid the collision.

Defendant testified he entered Broad Street about three blocks north of the point of collision and from that point followed the Hailey car southwardly in the outside lane at a speed of 25 to 30 miles per hour. He admits he was at most two and one-half to three car lengths from the Hailey car when he saw its brake lights go on. At that point he applied the brakes causing his car to go into a skid and collide with the rear of the Hailey car. While defendant testified the blow seemed to him light, undisputed evidence of the condition of both the Hailey and Parris cars shows they were extensively damaged.

We think all reasonable minds must agree that if defendant was maintaining a proper lookout as he testi-

fied he knew the Hailey car, because of the line of stopped cars ahead of it, would be forced to stop directly in his line of travel. He knew the pavement was wet because it was raining. Yet, he drove at a speed of 25 to 30 miles per hour until within three car lengths (or as he testified in his discovery deposition only 25 or 30 feet) of the Hailey car before applying his brakes. Allowing for reaction time, it was then impossible to avoid a collision in spite of the use of brakes or attempts to apply the brakes. Defendant testified his tires and brakes were in good condition and, since the drivers of the other cars admittedly were guilty of no negligence, the only reasonable conclusion is that defendant was driving too close and too fast under prevailing conditions and that this was the sole cause of collision.

Sellers v. American Industrial Transit, Inc., 35 Tenn. App. 46, 242 S.W.2d 335 and Davis v. Sparkman, 55 Tenn.App. 65, 396 S.W.2d 91, relied upon by defendant are distinguishable on their facts.

In the Sellers case, the plaintiff Sellers sued American Industrial Transit, Inc., for damages growing out of a collision between the car driven by Mrs. Sellers and a bus owned and operated by the Transit Company. There was a verdict and judgment for the plaintiff from which the Transit Company appealed insisting Mrs. Sellers was guilty of proximate contributory negligence as a matter of law in following the bus at a distance of only 20 feet.

In that case the jury could have found that the bus came to a sudden stop without giving any signal as required, although the driver had adequate time to come to a gradual stop after giving the proper signal. It was not insisted the pavement was wet or slick. Under the

circumstances the question of proximate cause was held for the jury.

In that case Mrs. Sellers had a right to assume the driver of the bus would not stop suddenly and without warning. In this case defendant knew or should have known the Hailey car would certainly be forced to stop directly in his line of travel because of cars backed up in front of it and that the street was wet and slick.

In Davis v. Sparkman, supra, the trial court sustained plaintiff's motion for a directed verdict and the defendant appealed. In that case the plaintiff while stopped for a traffic light was struck from the rear by defendant's truck which had been traveling 150 feet behind the car. When the traffic light changed and plaintiff's car gradually came to a stop the driver of the truck applied the brakes causing the truck to jackknife and slide into the car. While the opinion does not so indicate the driver of the truck testified the truck had not previously skidded when he applied the brakes on the wet pavement. This court held the question of negligence should have been left to the jury. Under the circumstances it was held reasonable minds could disagree as to whether antecedent negligence was shown. The Court applied the general rule laid down in Shepherd v. Ball, 47 Tenn.App. 189, 337 S.W.2d 243, where it was said:

"The mere fact, therefore, that an automobile skids does not of itself constitute evidence of negligence upon the driver's part so as to render the doctrine of res ipsa loquitur applicable. Skidding is not an occurrence of such uncommon or unusual character that, unexplained, it furnishes evidence of the driver's negligence. The question is one of the exercise of care; if the requisite degree

of care is exercised no liability results from the skidding."

In Shepherd v. Ball the Court held that, in the absence of antecedent negligence or negligence in the operation of the car after it has skidded, negligence can not be predicated solely on skidding on a wet or slippery road. Since the driver in that case unexpectedly came upon a wet place after going around a curve and was not otherwise charged with negligence a directed verdict in favor of the driver who had skidded on the wet spot in the road was proper. The contrast here is too obvious to justify analysis. As requiring a directed verdict where the circumstances establish as the only reasonable conclusion negligence on the part of the offending driver and that this negligence was the sole proximate cause, see Whitley v. Hix, 207 Tenn. 683, 343 S.W.2d 851.

In view of the foregoing it becomes unnecessary to consider various assignments of error which plaintiffs insist entitle them to a new trial. The judgments are reversed and the seven cases will be remanded for ascertainment of damages. All costs are adjudged to defendant James Sims.

Cooper and Parrott, JJ., concur.