**Kenneth KIDD and wife, Ruth Kidd**

v.

**Cecil DUNN et al.**

Court of Appeals of Tennessee, Eastern Section.

July 18, 1973.

Certiorari Denied by Supreme Court Sept. 17, 1973.

Goddard & Gamble, Maryville, for appellants, Kenneth Kidd and wife, Ruth Kidd.

Rom Meares, Maryville, for appellee, Cecil Dunn.

Stuart F. Dye, Knoxville, for appellee, The First Baptist Church of Alcoa.

## OPINION

COOPER, Presiding Judge (E. S.).

This is an appeal from a judgment, based on a jury's verdict, dismissing a wrongful death action.

Kenneth Kidd and his wife, Ruth Kidd, parents of Donna Faye Kidd, brought suit against Cecil Dunn for damages resulting

from the death of their daughter in an accident which occurred on June 12, 1970.

Plaintiffs' daughter, then fifteen years of age, was killed while riding as an invited guest in a truck owned and driven by the defendant. Plaintiffs charged in their complaint that the defendant negligently operated his truck off the road and down an embankment.

By third party complaint, Cecil Dunn made the First Baptist Church of Alcoa a defendant on the theory that, at the time of the accident, Mr. Dunn was the agent of the Church.

Both Dunn and the Church filed answers denying negligence in the operation of the truck, and averring that the accident was caused by the "caving in" of the road under the weight of the truck and passengers.

On trial, the jury returned a verdict in favor of the defendants and judgment was entered dismissing plaintiffs' suit.

Plaintiffs have appealed, insisting there was no material evidence to support the verdict of the jury, and that the trial judge committed error in instructing the jury, particularly as to the party on whom rests the ultimate burden of proof under the doctrine of res ipsa loquitur. The plaintiff sought to have the trial judge instruct the jury that the effect of the doctrine is to shift "the ultimate burden of proof to defendant and requires him to prove by a preponderance of all the evidence that the injury was not caused by his negligence," citing Hudson v. Stepp, 54 Tenn.App. 640, 393 S.W.2d 301.

The court did not undertake to hold in the Stepp case, supra, that the procedural effect of the doctrine of res ipsa loquitur was to shift the ultimate burden of proof to the defendant, for it was not an issue in the case. The court intended merely to point out the several positions taken by courts in the past as to the procedural effect of the doctrine as did the court in Sullivan v. Crabtree, 36 Tenn.App. 469, 258 S.W.2d 782, which was quoted in the Stepp case.

The classic statement of the doctrine of res ipsa loquitur is found in the English case of Scott v. London, etc. Docks Co., 3 H & C 596, 601 Reprint 665, as follows:

"It is an established rule, known as the doctrine of res ipsa loquitur, that, where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of due care." 65A C. J.S. Negligence § 220.2, p. 512.

In Sullivan v. Crabtree, 36 Tenn. App. 469, 258 S.W.2d 782, it is pointed out by the court that "in the principle of proof employed, a case of res ipsa loquitur does not differ from an ordinary case of circumstantial evidence." When the prerequisites of the doctrine are met the ultimate burden of proof does not shift from the plaintiff to the defendant; but, the defendant is required to go forward with his explanatory evidence. Ford v. Roddy Manufacturing Company, 60 Tenn.App. 495, 448 S.W.2d 433; Lewis v. Casenburg, 157 Tenn. 187, 7 S.W.2d 808. Whether the explanatory evidence is sufficient to rebut the inference of negligence arising out of the facts of the occurrence is, in the ordinary case, for the jury to determine.

"The weight of the explanation by the defendant, like the weight of the inference raised for the plaintiff, is for the determination of the jury. Casenburg v. Lewis (1931) 163 Tenn. 163, 40 S.W.2d 1038; 65 A C.J.S. Negligence § 220.20, p. 596.

"The above stated rule does not forestall a directed verdict where the explanatory evidence as submitted by the defendant is so strong that reasonable minds could draw but one conclusion therefrom. Poor Sisters of St. Francis v. Long (1950) 190 Tenn. 434, 230 S.W.2d 659;

Coca Cola Bottling Co. v. Rowland, supra. [16 Tenn.App. 184, 66 S.W.2d 272].

"Where . . . the res ipsa loquitur doctrine is applicable the burden of proof does not shift from plaintiff to the defendant, but the defendant is required to go forward with its explanatory evidence, and from all the evidence the trier of fact may or may not accept the inference as raised by the doctrine." Ford v. Roddy Manufacturing Co., 60 Tenn.App. 495, 448 S.W.2d 433, 438, 439.

The rule applicable to the jury when a case is submitted under the res ipsa loquitur doctrine is stated in Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815, as follows:

" * * * [R]es ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff.*" Emphasis supplied.

This rule was quoted with approval in Ford v. Roddy Manufacturing Co., supra; Lewis v. Casenburg, supra; North Memphis Sav. Bank v. Union Bridge & Const. Co., 138 Tenn. 161, 196 S.W. 492, 498; Gill v. Brown, 130 Tenn. 174, 169 S.W. 752; Memphis Street Railway Co. v. Cavell, 135 Tenn. 462, 187 S.W. 179.

The instructions of the trial judge, to the jury, in this case were, clear and comprehensive, were in accord with the above quoted rule, and properly placed the ultimate burden of proof in the case on the plaintiffs. We find no error in the charge.

This brings us to a consideration of the evidence with a view of determining if there was material evidence to support the jury's verdict in favor of the defendants. Where, as in this case, the appeal is from a judgment based on a jury's verdict, we do not weigh evidence nor pass upon credibility of witnesses, but determine only if there is any material evidence in the record which supports the verdict. In reviewing evidence, in order to safeguard the constitutional right of trial by jury, we are required "to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict." D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S.W.2d 897.

The evidence shows that on the day of the accident, Donna Faye Kidd and other members of the youth choir of the First Baptist Church of Alcoa were on a church-sponsored camping trip in the Cherokee National Forest in Monroe County, Tennessee. Several of the campers decided to go swimming in a lake located several miles from the campsite. Mr. Dunn was asked and consented to use his pick-up truck to take the campers to the lake as the truck could traverse the rough mountain road easier than the low-slung automobiles used to take the campers into the mountains. Some seventeen of the campers, including Donna Faye and an adult adviser, got in the back of the Dunn truck for the trip to the lake. When the truck reached a point about two miles from the campsite, it overturned and rolled down an embankment, coming to rest on its side some twenty to twenty-five feet from the road. Donna Faye Kidd was pinned under the truck and was fatally injured.

In explanation, Mr. Dunn testified that he had driven over the road earlier in the day, without difficulty; that immediately prior to the accident, he was driving his truck at a speed of from eight to ten miles per hour in the ruts or tracks of other vehicles that had used the road; that there was nothing to indicate that any portion of

the road was weak or unsafe; that the truck came to a stop and turned over almost immediately; that he examined the roadway after the accident and found that at the point where the front wheel of the truck had been, the road had "just dropped plumb off and gone, dirt and everything was all gone there, I would say 20 to 24 inches back from the edge of the road here, back over in—and included the rut that I had run in, it was gone, right where that front wheel was sitting there."

█ Mr. Dunn's explanation, which evidently was accepted by the jury without reservation, was sufficient in our opinion to support the jury's finding that the accident resulting in the death of Donna Faye Kidd was not due to negligence on the part of Mr. Dunn, but was due to a latent and hidden defect in the roadbed.

Judgment affirmed. Costs of the appeal are adjudged against Kenneth Kidd and wife, Ruth Kidd, and their sureties.

PARROTT, and SANDERS, JJ., concur.