IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 18, 2002 Session

## CONNIE J. OTIS v. LILY M. FRYE

**Direct Appeal from the Circuit Court for Loudon County**
**No. 6512      Hon. Russell Simmons, Jr., Circuit Judge**

**FILED MAY 28, 2002**

**No. E2001-02848-COA-R3-CV**

Plaintiff claimed damages from defendant's motor vehicle sliding into plaintiff's vehicle.  The jury returned a verdict for defendant.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Van R. Michael, Sweetwater, Tennessee, for Appellant.

Janet L. Hogan, Knoxville, Tennessee, for Appellee.

### OPINION

This action arises from a motor vehicle accident, wherein plaintiff sued the defendant for personal injuries allegedly sustained when defendant's vehicle slid out of control and struck plaintiff's vehicle.

Following a trial, the jury returned a verdict for the defendant, and after the Trial Court entered Judgment, plaintiff has appealed.

Plaintiff testified that on June 2, 1999, she left her home and was on the way to the bank, when she saw defendant coming around a corner "sideways".  She testified that defendant's car hit her vehicle and that it spun her car and she ended up against a rail in the ditch on the opposite side of the road.  Plaintiff stated the road was wet, but not "soaked."

Defendant testified that she was on her way home from work, and was going around a curve when she lost control of her car on the wet pavement, and that she did not see plaintiff's vehicle until the collision. She stated that she slid across the road on the wet pavement, and that the slide was the cause of the accident. Defendant testified that she had driven the same route earlier that day when it was raining and did not slide, but it was not raining when she was on her way back home. She testified her tires and brakes were in good condition and the road was still wet as it had been earlier, and she could not detect any extraordinary changes to the character of the road. She concluded by stating that she simply started to slide and before she could regain control, she hit plaintiff's car.

On appeal, plaintiff alleged the jury verdict was contrary to the weight of the evidence. However, a jury verdict may only be set aside if there is no material evidence to support it. Tenn. R. App. P. 13(d). As this Court has explained:

> Appellate courts do not re-weigh the evidence when a party challenges the evidentiary support for a verdict. We take the strongest legitimate view of the evidence favoring the prevailing party, discard all contrary evidence, and allow all reasonable inferences to uphold the jury's verdict, and will only set aside a jury's verdict when there is no material evidence to support it.

*Smith County v. Eatherly*, 820 S.W.2d 366, 369 (Tenn. Ct. App. 1991).

As to the issue involved in this case, this Court has previously expounded:

> It is well-settled that a driver must keep his automobile under reasonable control when driving on wet and slippery streets, and if he operates it so that it is out of his control he is guilty of negligence and is liable for all injuries and damage proximately resulting therefrom.
>
> It is equally well-settled that if, prior to losing control, the driver operates his vehicle in a manner commensurate with the traffic and road conditions existing and loses control due to the condition of the road, he is not guilty of negligence.
>
> As stated in *Shepherd v. Ball*, 47 Tenn. App. 189, 337 S.W.2d 243, 244.
>
> "In the absence of antecedent negligence or negligence in the operation of the car after it has skidded, liability of the . . . driver . . . can not be predicated solely on skidding on a wet or slippery road."

*Davis v. Sparkman*, 396 S.W.2d 91, 93 (Tenn. Ct. App. 1964)(citations omitted).

The evidence in this case establishes that defendant was driving on a wet road and lost control of her car while going around a curve, which caused her to strike plaintiff's vehicle. Defendant explained that she drove this road frequently, and had never had any problems before.

Further, she was not driving any differently than she ever did, and simply went into a slide due to the wet road.  Defendant testified she was trying to regain control of her car when she made contact with plaintiff's car.  There was no proof that defendant was driving negligently.

"The appellate courts do not determine the credibility of witnesses or weigh evidence on appeal from a jury verdict.  Appellate courts are limited to determining whether there is material evidence to support the jury's verdict.  Where the record contains material evidence supporting the verdict, the judgment based on that verdict will not be disturbed on appeal." *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994).  Even if the evidence is conflicting, this Court is not to determine where the truth lies, but only to determine whether there is material evidence to support the verdict. *Mason v. Tennessee Farmers Mut. Ins. Co.*, 640 S.W.2d 561 (Tenn. Ct. App. 1982).[1]

Finally, plaintiff asks this Court to determine whether the "wet street doctrine" applies in a case involving *res ipsa loquitur*.  Plaintiff did not, however, raise this issue in her Motion for New Trial, and it may not be raised for the first time on appeal. *See* Tenn. R. App. P. 3(e); *Mallard v. Tompkins*, 44 S.W.3d 73 (Tenn. Ct. App. 2000).

Since there is material evidence to support the jury's verdict, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Connie J. Otis.

_____
HERSCHEL PICKENS FRANKS, J.

---

[1]The nature and extent of plaintiff's injuries, if any, is based on conflicting evidence.