Frances **UNDERWOOD**,
Plaintiff/Appellant,

v.

**HCA HEALTH SERVICES OF TENNESSEE, INC., d/b/a Donelson Hospital,**
Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section.

Sept. 21, 1994.

Rehearing Denied Oct. 5, 1994.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 30, 1995.

*City of Clarksville, supra.*

Charles Galbreath, Nashville, for appellant.

C.J. Gideon, Jr., Linda Gibbons Willis, Gideon & Wiseman, Nashville, for appellee.

## OPINION

KOCH, Judge.

This appeal involves a hospital visitor who was injured by a falling cover on a self-service ice dispenser in the hospital's cafeteria. The visitor filed suit against the hospital in the Circuit Court for Davidson County alleging that her injuries were caused by the hospital's negligent maintenance of the ice dispenser. The trial court granted the hospital's motion for a directed verdict at the close of the visitor's proof. The visitor asserts on this appeal that she made out a prima facie case of the hospital's negligence under the doctrine of res ipsa loquitur. We affirm the directed verdict.

## I.

Frances Underwood was self-employed as a care-giver to four homebound persons. On October 16, 1990, she accompanied one of her charges to HCA Donelson Hospital for a doctor's appointment and medical tests. While waiting for the tests to begin, Ms. Underwood went to the hospital cafeteria to obtain a glass of ice water to enable her companion to take her medication. While Ms. Underwood was obtaining ice from a self-service ice dispenser, the top of the dispenser somehow became dislodged and fell, hitting Ms. Underwood on the right upper arm, forearm, and wrist.

No one observed Ms. Underwood while she was using the ice dispenser. Shortly before the incident, a cafeteria employee working close by heard noises like "someone was banging up against the ice machine ... [t]o get the ice to come out." Ms. Underwood, however, insists that she did not strike the dispenser. The employee went to investigate when she heard Ms. Underwood's cries and found Ms. Underwood near the ice dispenser holding her arm. Ms. Underwood told the employee that something had fallen and hit her. The employee summoned her supervisor who escorted Ms. Underwood to the hospital's emergency room.

An emergency room physician observed a small bruise on Ms. Underwood's right wrist with minimal swelling but did not observe bony tenderness in the wrist or upper arm. He advised Ms. Underwood to take an over-the-counter analgesic and to ice down her arm and wrist. Ms. Underwood returned to the emergency room the next day after experiencing pain throughout the night. On this occasion, a physician noted tenderness and slight swelling and bruising on her upper right arm and forearm. He prescribed an ace bandage, ice packs, and pain medication and recommended that she have a follow-up examination within one week.

Ms. Underwood did not return to the hospital. Instead, she retained an attorney who arranged an appointment for her with a Nashville orthopaedic surgeon. The record is silent concerning this physician's diagnosis and treatment of Ms. Underwood except that he released her to resume her normal activities on December 27, 1990.[1]

Ms. Underwood filed suit against the hospital in February 1991, alleging that she had been seriously injured by the hospital's negligent failure to maintain the ice dispenser in a safe condition. A jury trial commenced on October 12, 1992. Ms. Underwood's evidence focused primarily on her many ailments since October 1990 and shed little light on the incident or the ice dispenser itself. On October 13, 1992, the trial court granted the hospital's motion for a directed verdict following the close of Ms. Underwood's case-in-chief.

## II.

■  This is an appeal from a directed verdict. Accordingly, the appeal involves a question of law concerning whether the evidence is sufficient to create an issue for the jury to decide. *Norman v. Southern Ry.,* 119 Tenn. 401, 422, 104 S.W. 1088, 1093–94 (1907); *Toole v. Levitt,* 492 S.W.2d 230, 234 (Tenn.Ct.App.1972); *Wilkes v. National Life & Accident Ins. Co.,* 7 Tenn.App. 36, 41–42 (1927). The standards for reviewing these motions are the same in both the trial and the appellate courts.

■  Courts reviewing a motion for directed verdict may not weigh the evidence, *Benton v. Snyder,* 825 S.W.2d 409, 413 (Tenn. 1992); *Holmes v. Wilson,* 551 S.W.2d 682, 685 (Tenn.1977), or evaluate the credibility of the witnesses. *Benson v. Tennessee Valley Elec. Coop.,* 868 S.W.2d 630, 638–39 (Tenn. Ct.App.1993); *Grady v. Bryant,* 506 S.W.2d 159, 163 (Tenn.Ct.App.1973). Instead, they must review the evidence most favorably to the party against whom the motion is made; they must give that party the benefit of all reasonable inferences from the evidence; and they must also disregard all evidence contrary to that party's position. *Goode v. Tam-*

---

1. In March 1991, Ms. Underwood consulted another physician who had treated her and her deceased husband in the past. After treating Ms. Underwood for approximately five months, this physician referred her to a neurologist who determined that she was suffering from carpal tunnel syndrome.

ko Asphalt Prods., Inc., 783 S.W.2d 184, 187 (Tenn.1989); *Gann v. International Harvester Co.*, 712 S.W.2d 100, 105 (Tenn.1986); *Crain v. Brown*, 823 S.W.2d 187, 195 (Tenn. Ct.App.1991).

A directed verdict is proper only when reasonable minds could reach but one conclusion. *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn.1993); *Crosslin v. Alsup*, 594 S.W.2d 379, 380 (Tenn.1980); *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 821–22 (Tenn.Ct.App.1992). A case should go to the jury, even if the facts are undisputed, if reasonable persons could draw conflicting inferences from the facts. *Sauls v. Evans*, 635 S.W.2d 377, 379 (Tenn.1982); *Long v. Mattingly*, 797 S.W.2d 889, 892 (Tenn.Ct.App. 1990).

The range of reasonable inferences to be drawn from the evidence depends upon the unique facts of each case. An inference is reasonable and legitimate only when the evidence makes the existence of the fact to be inferred more probable than the nonexistence of the fact. *Hollingsworth v. Queen Carpet, Inc.*, 827 S.W.2d 306, 309 (Tenn.Ct. App.1991); *Benson v. H.G. Hill Stores, Inc.*, 699 S.W.2d 560, 563 (Tenn.Ct.App.1985); *Franklin v. Collins Chapel Connectional Hosp.*, 696 S.W.2d 16, 19 (Tenn.Ct.App.1985). Any lesser test would permit the jury to rest its verdict on impermissible speculation and conjecture. *See* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2528, at 565 (1971); *Law v. Louisville & N.R.R.*, 179 Tenn. 687, 694, 170 S.W.2d 360, 362 (1943); *Daniels v. White Consol. Indus., Inc.*, 692 S.W.2d 422, 425 (Tenn.Ct. App.1985); *Stokes v. Leung*, 651 S.W.2d 704, 709 (Tenn.Ct.App.1982).

### III.

Ms. Underwood presented very little evidence concerning the circumstances surrounding her injury, the hospital's maintenance of the ice dispenser, or the ice dispenser itself. Instead, she relied on the doctrine of res ipsa loquitur to establish her premises liability claim against the hospital. Since the trial court directed a verdict at the close of Ms. Underwood's case-in-chief, we must determine whether her evidence was sufficient

as a matter of law to invoke the res ipsa loquitur doctrine.

### A.

Evidence of an injury is not, by itself, sufficient to prove that the injury was caused by someone's negligence. *Williams v. Jordan*, 208 Tenn. 456, 464, 346 S.W.2d 583, 586 (1961). The res ipsa loquitur doctrine, however, permits a fact-finder to infer that a defendant was negligent when the circumstances surrounding the injury would cause a reasonable person to conclude that the injury would not have occurred had it not been for the defendant's negligence. *Southeastern Aviation, Inc. v. Hurd*, 209 Tenn. 639, 662, 355 S.W.2d 436, 446 (1962); *Lewis v. Casenburg*, 157 Tenn. 187, 196–97, 7 S.W.2d 808, 811 (1927); *Armes v. Hulett*, 843 S.W.2d 427, 432 (Tenn.Ct.App.1992); *Ford v. Roddy Mfg. Co.*, 60 Tenn.App. 495, 501, 448 S.W.2d 433, 436 (1969).

The res ipsa loquitur doctrine is simply a specialized vehicle for considering circumstantial evidence in negligence cases. *Poor Sisters of St. Francis v. Long*, 190 Tenn. 434, 442–43, 230 S.W.2d 659, 663 (1950); *Summitt Hill Assocs. v. Knoxville Utils. Bd.*, 667 S.W.2d 91, 95 (Tenn.Ct.App. 1983). It is based on everyday experience, *Memphis St. Ry. v. Stockton*, 143 Tenn. 201, 206–07, 226 S.W. 187, 189 (1920); *Stinnett v. Wright*, 59 Tenn.App. 118, 125, 438 S.W.2d 357, 361 (1968), and it requires nothing more than the common sense appraisal of the strength of the plaintiff's circumstantial evidence. *Quinley v. Cocke*, 183 Tenn. 428, 438, 192 S.W.2d 992, 996 (1946); *Davis v. Sparkman*, 55 Tenn.App. 65, 70, 396 S.W.2d 91, 93 (1964); *Boykin v. Chase Bottling Works*, 32 Tenn.App. 508, 522, 222 S.W.2d 889, 896 (1949).

Plaintiffs relying on the res ipsa loquitur doctrine need not prove specific acts of negligence. *Summitt Hill Assocs. v. Knoxville Utils. Bd.*, 667 S.W.2d at 96; *Parker v. Warren*, 503 S.W.2d 938, 942 (Tenn.Ct. App.1973). Their evidence must, however, be sufficient to enable the fact-finder to conclude that the injury was caused, more probably than not, by the defendant's negligence

rather than by any other cause. *Stinnett v. Wright,* 59 Tenn.App. at 126, 438 S.W.2d at 361; *Roberts v. Ray,* 45 Tenn.App. 280, 284, 322 S.W.2d 435, 437 (1958).

■ The strength of the plaintiff's evidence will vary with the facts of each case, and the strength of the inference of the defendant's negligence will likewise vary from reasonable probability to practical certainty. *Sullivan v. Crabtree,* 36 Tenn.App. 469, 477, 258 S.W.2d 782, 785 (1953). The balance of the probabilities must, however, enable the fact-finder to make more than a sheer leap of faith. 4 Fowler V. Harper et al., *The Law of Torts* § 19.5, at 25 (2d ed. 1986).

■ The res ipsa loquitur doctrine does not apply in cases where reasonable persons could not conclude that the defendant's negligence, more probably than not, caused the plaintiff's injury. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 39, at 248 (5th ed. 1984). Accordingly, the res ipsa loquitur doctrine does not apply in cases where the plaintiff's injury could reasonably have occurred even without the defendant's negligence. *Cockrum v. State,* 843 S.W.2d 433, 438 (Tenn.Ct.App. 1992); *Brown v. University Nursing Home, Inc.,* 496 S.W.2d 503, 509 (Tenn.Ct.App.1972); *Walls v. Lueking,* 46 Tenn.App. 636, 643, 332 S.W.2d 692, 695 (1959).

### B.

Our task is to determine whether, as a matter of law, Ms. Underwood's evidence would enable a reasonable person to conclude that her injury was, more probably than not, caused by the hospital's negligent maintenance of the ice dispenser. To make this determination, we must evaluate the proof in the light most favorable to Ms. Underwood.

Ms. Underwood has proved that the cover of a self-service ice dispenser in the hospital's cafeteria fell and hit her arm while she was filling a cup with ice. She has denied doing anything that would have caused the cover to fall from the machine. The proof also shows that the dispenser must be filled with ice periodically since it does not make its own ice and that the dispenser is filled through an opening in its top. The machine was serviced four months prior to Ms. Underwood's

injury, and there have been no similar incidents involving the dispenser.

Ms. Underwood introduced no proof with regard to the height of the dispenser, the size or weight of the cover or when the dispenser was last filled with ice. She testified that she did not know where the object that hit her came from or how it had been affixed to the top of the dispenser. Likewise, she introduced no proof that the dispenser was not working properly, that the cover was not properly affixed, or that the hospital employees knew or should have known that the cover was not properly affixed or that the cover could become dislodged while a customer was using the dispenser.

■ Liability in premises liability cases is not based solely on ownership or occupancy of the premises. *Park v. Sinclair Ref. Co.,* 24 Tenn.App. 204, 210, 142 S.W.2d 321, 324 (1940). It stems from superior knowledge of the condition of the premises. *McCormick v. Waters,* 594 S.W.2d 385, 387 (Tenn.1980). Thus, in order to make out a prima facie case, Ms. Underwood must show that the hospital had actual or constructive notice of the condition of the ice dispenser's cover and, therefore, that it negligently failed to maintain the dispenser to prevent injuries to persons using it. *See Chambliss v. Shoney's Inc.,* 742 S.W.2d 271, 273 (Tenn.Ct.App.1987); *Benson v. H.G. Hill Stores, Inc.,* 699 S.W.2d at 563; *Jones v. Zayre, Inc.,* 600 S.W.2d 730, 732 (Tenn.Ct.App.1980).

■ Ms. Underwood's proof, such as it is, does not warrant a reasonable inference that the hospital's negligent maintenance of the ice dispenser, more probably than not, caused her injury. There is no evidence that the ice dispenser itself was not operating properly or that the cover was defective or improperly attached. In order to determine that the hospital was negligent, the fact-finder would be required to speculate whether the hospital employees created the condition or whether it was caused by cafeteria customers. If the condition was caused by customers, the fact-finder would be required to speculate whether the condition had existed long enough to have been discovered and corrected had the hospital been maintaining the dispenser properly. Accordingly, we

have determined that Ms. Underwood's proof is insufficient to enable a reasonable person to conclude that the hospital was negligent and that its negligence, more likely than not, caused her injury.

### IV.

We affirm the judgment granting the hospital a directed verdict and dismissing the case with prejudice and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Frances Underwood.

TODD, P.J., and LEWIS, J., concur.

### *ORDER DENYING PETITION FOR REHEARING*

Frances Underwood has filed a petition for rehearing suggesting that this court's September 21, 1994 opinion incorrectly states material facts because the court did not fully read the record. We have again reviewed the record and have determined that the petition presents no new fact or argument that has not already been considered.

It is, therefore, ordered that the petition for rehearing be and is hereby denied.