# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**April 23, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

MICHAEL RASMUSSEN and wife  )
CINDY RASMUSSEN,             )
                            )
   Plaintiffs/Appellants,    )
                            )  Davidson Circuit
                            )  No. 93C-3498
VS.                          )
                            )  Appeal No.
                            )  01A01-9611-CV-00517
MROT, INC. and               )
WILLIAM G. ROYSTER,          )
                            )
   Defendants/Appellees.     )


APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE


For the Plaintiffs/Appellants:

Michael J. Philbin
William G. McCaskill, Jr.
TAYLOR, PHILBIN, PIGUE,
    MARCHETTI & BENNETT
Nashville, Tennessee

For the Defendants/Appellees:

John Thomas Feeney
Lee Anne Murray
FEENEY & LAWRENCE
Nashville, Tennessee


## AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves an over-the-road truck driver who was injured while a stack of commercial truck tires was being unloaded from the trailer on his truck. The driver filed a negligence action in the Circuit Court for Davidson County against the tire service company where the tires were being delivered and the operator of the forklift carrying the tires when they fell. The trial court determined that the doctrine of res ipsa loquitur was inapplicable to this case and granted the defendants' motion for summary judgment. The driver asserts on this appeal that he made out a prima facie case of negligence under the doctrine of res ipsa loquitur. We affirm the summary judgment.

## **I.**

In 1993 Michael Rasmussen was working as an over-the-road truck driver for a driver leasing service in Illinois. His exclusive assignment was to transport new tires manufactured by Bridgestone/Firestone, Inc. from the company's warehouse in Addison, Illinois to various other locations. Mr. Rasmussen did not load the tires on his truck's trailer; this task was performed by an independent loading service working under contract with Bridgestone/Firestone.

On March 15, 1993, Mr. Rasmussen delivered a load of commercial truck tires to MROT, Inc. in Nashville. William Royster, one of MROT's owners, began unloading the tires from the trailer using a forklift equipped with a "squeeze clamp," and Mr. Rasmussen was assisting him. They were the only persons involved in the unloading operation.

Mr. Rasmussen and Mr. Royster had unloaded approximately one-half of the trailer when Mr. Royster picked up a "chimney stack" of tires in the squeeze clamp on his forklift. The tire on the bottom of the stack fell out of the clamp when Mr. Royster began to move the tires. Mr. Rasmussen moved the fallen tire away from the trailer's wall to enable Mr. Royster to place the remaining tires on top of the fallen tire. Mr. Rasmussen stopped Mr. Royster has he began to place

the stack of tires on the fallen tire because he was concerned that the forklift was about to cut the fallen tire. One or more of the tires in the squeeze clamp became dislodged and fell on Mr. Rasmussen as he was kneeling down to reposition the fallen tire under the stack in the clamp. Neither Mr. Rasmussen nor Mr. Royster could explain how the tires fell from the squeeze clamp.

Mr. Rasmussen and his wife filed a negligence action against MROT and Mr. Royster in November 1993.[1] Over two years later, MROT and Mr. Royster moved for a summary judgment on the ground that Mr. Rasmussen could not prove that Mr. Royster had acted negligently. In response, Mr. Rasmussen and his wife asserted that they had made out a prima facie case of negligence under the doctrine of res ipsa loquitur. On August 16, 1996, the trial court entered an order finding the doctrine of res ipsa loquitur to be inapplicable and granting the motion for summary judgment.

## II.

The pivotal issue on this appeal from the summary judgment dismissing the Rasmussens' complaint is whether the doctrine of res ipsa loquitur prevents MROT and Mr. Royster from being entitled to a judgment as a matter of law. We find that the trial court correctly determined that MROT and Mr. Royster were entitled to a judgment as a matter of law because the Rasmussens' evidence does not exclude every inference other than that their negligence caused Mr. Rasmussen's injuries.

There is a common misconception that a party who proves that he or she has been injured has made out a prima facie case of liability under the doctrine of res ipsa loquitur. This notion overstates the utility of the doctrine because the mere occurrence of an injury is not evidence of negligence. *Kilpatrick v. Bryant,* 868 S.W.2d 594, 599 (Tenn. 1993); *Memphis St. Ry. Co. v. Cavell*, 135 Tenn. 462,

---

[1] They also filed a second negligence action against Bridgestone/Firestone and the loading service whose employees had loaded the trailer. The trial court later consolidated the two suits and granted summary judgments dismissing the claims against Bridgestone/Firestone and the loading service. These summary judgments are not at issue on this appeal.

467, 187 S.W. 179, 180 (1916). More properly, the res ipsa loquitur doctrine permits plaintiffs to make out a prima facie case of negligence without proving specific acts of negligence. *Underwood v. HCA Health Servs. of Tenn., Inc.,* 892 S.W.2d 423, 426 (Tenn. Ct. App. 1994).

The res ipsa loquitur doctrine provides a specialized method for considering the strength of a negligence case predicated entirely on circumstantial evidence. *Poor Sisters of St. Francis v. Long,* 190 Tenn. 434, 442-43, 230 S.W.2d 659, 663 (1950); *Summit Hill Assocs. v. Knoxville Utils. Bd.,* 667 S.W.2d 91, 96 (Tenn. Ct. App. 1983). It envisions a common sense appraisal of the circumstantial evidence, *Quinley v. Cocke,* 183 Tenn. 428, 438, 192 S.W.2d 992, 996 (1946), to determine whether the circumstantial evidence is sufficient to enable a reasonable finder-of-fact to conclude that the plaintiff's injury was, more likely than not, caused by the defendant's negligence rather than any other cause. *Stinnett v. Wright,* 59 Tenn. App. 118, 126, 438 S.W.2d 357, 361 (1968).

The res ipsa loquitur doctrine will not apply when an injury could reasonably have occurred even without the defendant's negligence. *Underwood v. HCA Health Servs. of Tenn., Inc.,* 892 S.W.2d at 427; *Fulton v. Pfizer Hosp. Prods. Group, Inc.,* 872 S.W.2d 908, 912 (Tenn. Ct. App. 1993). Accordingly, the doctrine is not applicable when an injury that could have occurred in the ordinary course of things even if all the persons involved were exercising reasonable care. *Southeastern Aviation, Inc. v. Hurd,* 209 Tenn. 639, 662, 355 S.W.2d 436, 446 (1962); *Armes v. Hulett,* 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992).

Neither Mr. Rasmussen nor Mr. Royster could explain how the tires that injured Mr. Rasmussen fell from the squeeze clamp. There is no evidence that a stack of tires could not fall out of a squeeze clamp even if the forklift operator is operating the forklift and the squeeze clamp properly. In fact, the evidence is undisputed that tires frequently fall from squeeze clamps when stacks of tires, like the one involved in this case, are moved. Mr. Rasmussen conceded that he was aware of the danger of being underneath a tall stack of materials being moved on a forklift. He also stated that the bottom tire can fall out of a squeeze clamp even when the stack of tires has been loaded properly.

A jury's verdict cannot be based on a mere spark or glimmer of evidence that requires the finder-of-fact to make a leap of faith in order to find that the defendant is liable for the plaintiff's injury. *Ogle v. Winn-Dixie Greenville, Inc.,* 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995); *Underwood v. HCA Health Servs. of Tenn., Inc.,* 892 S.W.2d at 427. The paucity of evidence in this case would require a reasonable fact-finder to speculate in order to find that Mr. Royster negligently operated the forklift or squeeze clamp and that this negligence was the proximate cause of Mr. Rasmussen's injury. Accordingly, the trial court properly determined that MROT and Mr. Royster were entitled to a judgment as a matter of law.

### III.

We affirm the summary judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Michael and Cindy Rasmussen and their surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
SAMUEL L. LEWIS, JUDGE