# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**June 18, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

GRAHAM SCHINDEL and ASPEN )
SCHINDEL, minors, by next friend )
and natural guardians, GEARY )
SCHINDEL and SUSAN SCHINDEL )
and GEARY SCHINDEL and SUSAN )
SCHINDEL, individually, )
                                 )
     Plaintiffs/Appellants, )     Davidson Circuit No.97C-915
                                 )
v. )
                                 )     Appeal No. 01A01-9711-CV-00655
RICHARD H. BASS and COMDATA )
NETWORK, INC., )
                                 )
     Defendants/Appellees. )

## APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

### THE HONORABLE BARBARA N. HAYNES, JUDGE

For the Plaintiffs/Appellants:        For the Defendants/Appellees:

Thomas F. Bloom                E. Todd Presnell
Nashville, Tennessee           Dana D. Ballinger
                                  Nashville, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCURS:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

# OPINION

This is a personal injury case arising from an automobile collision. Geary Schindel and Susan Schindel, on their behalf and on behalf of their two minor children, Graham and Aspen Schindel, ("Plaintiffs") filed suit against Richard Bass and his employer Comdata Network, Inc. ("Defendants") for personal injuries sustained in an automobile accident. The trial court granted summary judgment in favor of the Defendants, and the Plaintiffs appeal. We reverse.

On December 20, 1993, at approximately 6:00 p.m., Susan Schindel ("Schindel") was driving her car southbound on Franklin Pike toward the intersection of Franklin Pike and Harding Place in Nashville, Tennessee. Schindel's two children, Graham and Aspen, were passengers in the car. It was a dark and rainy night. At the intersection, the traffic light indicated a green light. Schindel yielded to oncoming traffic and allowed several cars to pass through the intersection before turning left. Schindel saw no more cars and began to make the left turn. Her vehicle was struck by a van driven by Richard Bass ("Bass"), who was traveling northbound on Franklin Pike. Schindel acknowledges that she did not see Bass but alleges that it was because Bass was driving without headlights.

The trial court granted summary judgment in favor of Richard Bass on the grounds that Plaintiffs had failed to establish the essential elements of their negligence claim through competent evidence. Plaintiffs appeal.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Bain*, 936 S.W.2d at 622. In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05

provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

On appeal, Schindel contends that she submitted sufficient evidence to establish a genuine issue of material fact concerning whether Bass was driving without headlights at the time of the accident. Schindel argues that a reasonable inference of fact may be drawn from her testimony that she failed to observe Bass, and that her failure to see Bass must have been because Bass was driving without headlights at the time of the accident.

In support of her argument, Schindel cites *Rogers v. Bouchard*, 449 S.W.2d 431 (Tenn. App. 1969). In *Rogers*, the plaintiffs, husband (driver) and wife (passenger) left a restaurant located on U.S. Highway 41A. *Rogers*, 449 S.W.2d at 434. Highway 41A was a four-lane highway with two lanes running north and south. *Id.* The plaintiffs intended to cross the two southbound lanes of traffic and proceed north. *Id.* The plaintiffs' testimony included:

> [T]hat [plaintiff-husband] stopped just a few feet before entering the highway, where he could see both to his left (which would be northwardly) and to his right (which would be southwardly) for approximately 300 yards in each direction and looked for approaching traffic from both directions; that he did not see any traffic or lights approaching from either direction and when he asked plaintiff [wife] if she saw any, she replied in the negative, whereupon he proceeded to drive across the southbound lanes and was there struck by the automobile of defendant . . . just as he was about to enter the crossover opening in the median strip . . . .

*Id.* at 434. In addition to the testimony of the plaintiffs in *Rogers*, a third witness testified that he looked at the southbound lanes of the highway and observed no traffic or headlights of oncoming cars. *Id.* at 435. The defendant testified that his lights were on at the time of the accident. *Id.* at 436. At trial, the jury returned a verdict in favor of the defendant and against the plaintiff-husband but found in favor of the plaintiff-wife in her action against the defendant. *Id.* at 432. The defendant appealed the decision on the grounds that the trial court erred in failing to grant the defendant's motion for directed verdict and motion for a new trial. *Id.* at 432-33. This Court sustained the jury's

2

verdict on the grounds that the jury could have reasonably found as fact that the defendant was driving without headlights, based upon the testimony of the three witnesses. *Id.* at 437.

In the present case, the evidence submitted regarding the issue of whether Bass operated the vehicle without headlights consisted of Schindel's deposition and affidavit. In her deposition, Schindel stated:

> Q: Had you, in fact, yielded to some oncoming traffic?
> A: Yes, I had.
> * * *
> Q: Were there cars in the lane--in the turn lane of the northbound--
> A: Yes.
> Q: --traffic lane?
> A: Yes.
> Q: You specifically recall cars-
> A: Uh-huh.
> Q: --being in that lane?
> A: Two.
> Q: Two cars?
> A: Uh-huh.
> Q: Were their headlights on?
> A: Yes, and their blinkers.
> * * *
> Q: When did you first see Mr. Bass' vehicle?
> A: I didn't see Mr. Bass' vehicle until after he hit us.
> Q: Why did you not see his vehicle?
> A: I don't know why I didn't see his vehicle. I didn't see it. It wasn't because I wasn't looking.

Schindel testified later in her deposition:

> Q: Do you know whether or not the driver of the van had his lights on at the time of impact?
> A: I didn't see the vehicle. I can only assume that if the lights were on I would have seen the vehicle. I didn't see the vehicle.
> Q: So you can't really say?
> A: That's right. I certainly saw other vehicles in the intersection that had their lights on.

Subsequently, Schindel filed an affidavit stating in part: "I did not see the automobile driven by Richard H. Bass because he did not have his lights on. I am certain that he did not have his lights on as I saw other vehicles prior to making my turn." Bass asserts that he had his headlights on at the time of the accident.

Additional conflicting circumstantial evidence was presented on the issue. Bass, in a deposition, testified that the headlights were on at the time of the accident. After the accident, according to Bass, he turned the headlights off because the lights were shining into oncoming traffic. A witness, John Butterfield, had a conversation with Bass after the accident in which Bass allegedly

stated, "I should have left my lights on." Bass contends that he stated, "I should have left the headlights on after the accident had occurred."

We have recognized that "[t]he range of reasonable inferences to be drawn from the evidence depends upon the unique facts of each case. An inference is reasonable and legitimate only when the evidence makes the existence of the fact to be inferred more probable than the nonexistence of the fact." *Underwood v. HCA Health Services, Inc.*, 892 S.W.2d 423, 426 (Tenn. App. 1994) (citing *Hollingsworth v. Queen Carpet, Inc.,* 827 S.W.2d 306, 309 (Tenn. App. 1991); *Benson v. H.G. Hill Stores, Inc.*, 699 S.W.2d 560, 563 (Tenn. App. 1985); *Franklin v. Collins Chapel Connectional Hosp.*, 696 S.W.2d 16, 19 (Tenn. App. 1985)).

This case presents a very close question. Bass distinguishes *Rogers* by noting that, in *Rogers*, three witnesses testified that they looked in the direction of the defendant's vehicle and saw no cars coming; whereas, in this case, there is no evidence to corroborate Schindel's testimony. Bass also argues that, in *Rogers*, all three witnesses testified that they looked specifically in the direction of the defendant's vehicle and saw no cars approaching, while Schindel states only that she had seen and let by two cars from the turn lane from which Bass' vehicle approached, and that she did not see Bass' vehicle.

The fact that Schindel's testimony is not corroborated by the testimony of other witnesses is not fatal to her case, provided Schindel's testimony is sufficient to support a finding that Bass did not have his headlights on. *See Rupe v. Sims*, No. 223, 1990 WL 198902 (Tenn. App. Dec. 12, 1990). In *Rogers*, the witnesses testified specifically that they looked in the direction of the defendant's vehicle and saw no cars coming. In this case, Schindel testified that she had been looking in the direction of Bass' vehicle, saw two other cars with their lights on, let them turn and proceeded forward, not seeing Bass' vehicle. These facts are simply too similar to find that *Rogers* is distinguishable. We find that the evidence presented by the plaintiff is barely sufficient to support a factual finding that Bass was operating his vehicle without the headlights on. Consequently, we must conclude that the trial court erred in granting summary judgment in favor of the defendants.

The decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Opinion. Costs are assessed against the Appellees, for which execution may issue if necessary.

4

_____
_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**