# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**June 22, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

VIRGINIA McGUIRE,       )
      )
        Plaintiff/Appellant,       )    Shelby Circuit No. 74357-4 T.D.
      )
**v.**       )
      )    Appeal No. 02A01-9805-CV-00129
EXXON CORPORATION,       )
      )
        Defendant/Appellee.       )

## APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

### THE HONORABLE JAMES E. SWEARENGEN, JUDGE

For the Plaintiff/Appellant:

Virginia McGuire, Pro Se
Olive Branch, Mississippi

For the Defendant/Appellee:

John J. Heflin, III
Kenneth P. Jones
Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This is a premises liability case. The plaintiff was doused in gasoline while attempting to put gas in her car at a gas station owned by the defendant. The plaintiff alleged negligence by the defendant in its operation of the gasoline station. The trial court granted summary judgment in favor of defendant station owner. The plaintiff appeals. We affirm.

The material facts of the case are essentially undisputed. On the afternoon of July 1, 1994, Plaintiff Virginia McGuire ("McGuire"), accompanied by her adult son, Richard Rier ("Rier"), stopped her vehicle at a gasoline station at the corner of Shelby Drive and Germantown Extended in Memphis, Tennessee, owned by Defendant Exxon Corporation ("Exxon"). McGuire went inside the station, paid the cashier, Helen Williams, and told Williams which pump she intended to use. McGuire returned to the pump. Without noticing whether the gasoline pump contained a nozzle and without placing a nozzle in the gas tank of her vehicle, McGuire pulled up on the on/off lever on the pump. McGuire then heard a "bubbling sound" and looked up; gasoline poured on her from above. Rier turned off the pump lever, and McGuire ran inside the station to alert Williams to the accident. Williams closed the station and called the fire department.

McGuire initially filed suit against Exxon in general sessions court, alleging negligence on the part of Exxon. After hearing evidence, the general sessions court ruled in favor of Exxon. McGuire then appealed to circuit court. Exxon filed a motion for summary judgment before the circuit court.

The circuit court granted Exxon's motion, finding that McGuire failed to present any proof that a dangerous or defective condition was created by Exxon. The circuit court held that McGuire presented no proof that Exxon had actual or constructive notice of any dangerous or defective condition at the station, or that a dangerous or defective condition was reasonably foreseeable because of a pattern of conduct or recurring condition at the station. From this order, McGuire now appeals.

McGuire asserts on appeal that the trial court erred when it granted Exxon's motion for summary judgment. Exxon cross appeals from the circuit court's order allowing McGuire to appeal to this Court *in forma pauperis* without submitting an appeal bond.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of

demonstrating that no genuine issue of material fact exists. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. **Id.** In **Byrd v. Hall**, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

**Id.** at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. **Carvell v. Bottoms**, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. **Bain**, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. **Warren v. Estate of Kirk**, 954 S.W.2d 722, 723 (Tenn. 1997).

In premises liability cases, the duty owed by the premises owner or occupier to an invitee is "a duty of reasonable care under all circumstances." **Eaton v. McLain**, 891 S.W.2d 587, 593 (Tenn. 1994). This duty is based upon an assumption that the owner or occupier possesses superior knowledge of any latent, dangerous condition that may exist on the property. **Jones v. Exxon Corp.**, 940 S.W.2d 69, 71-72 (Tenn. App. 1996); *see also* **McCormick v. Waters**, 594 S.W.2d 385, 387 (Tenn. 1980); **Underwood v. HCA Health Services of Tennessee, Inc.**, 892 S.W.2d 423, 427 (Tenn. App. 1994); **Kendall Oil Co. v. Payne**, 293 S.W.2d 40, 42 (Tenn. App. 1955). The duty of the owner or occupier of the property includes an obligation to either remove or warn against any latent, dangerous condition of which the owner is aware or should be aware through the exercise of reasonable diligence. **Eaton**, 891 S.W.2d at 594. If liability is to be predicated on the defendant's constructive knowledge, the proof must show the dangerous or defective condition existed for such a period of time that the defendant knew or, in the exercise of ordinary care, should have known of the condition. **Allison v. Blount Nat'l Bank**, 390 S.W.2d 716, 719 (Tenn. App. 1965).

In order to make out a prima facie case, McGuire must show that Exxon had actual or constructive notice of the condition of the gasoline pump, and that Exxon negligently failed to maintain the gasoline pump to prevent injuries to persons operating the pump. *See Underwood*, 892 S.W.2d at 427; *Chambliss v. Shoney's Inc.*, 742 S.W.2d 271, 273 (Tenn. App. 1987); *Benson v. H.G. Hill Stores, Inc.*, 699 S.W.2d 560, 563 (Tenn. App. 1985); *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. App. 1980). When asked about the source of the gasoline that poured on her, McGuire testified:

> Q: Where did the gas come from? You said it came from above, was it a hole or what?
>
> A: It came out, like these lights up here, as far as--I couldn't see where it was, I was hurting, but when I looked up, I didn't know they stored gas above myself, but it came down like waterfalls. I was soaked from my head to my shoes, my feet, my hair.
>
> ***
>
> Q: And you walked out to your car, and without putting a nozzle in your gas tank, you just flipped up a lever?
>
> A: I wish I hadn't, but I did.
>
> Q: You say there was something above you?
>
> A: It came out from up above.
>
> Q: You didn't see a hole or anything like that or maybe where a hose was suppose to be?
>
> A: I heard the bubble (indicating), it was like that. When I looked up, it was coming, so there was a hole or something. I was drowning in it. They shut down the station[,] and they called the fire department, that is how bad it was.

McGuire presented little evidence about the circumstances surrounding her injury, the condition of the gasoline pump, or Exxon's maintenance of the pumps. McGuire submitted no evidence concerning when or how long the pump had been in an alleged dangerous or defective condition. Thus, McGuire proffered no evidence indicating that Exxon had constructive or actual notice of a dangerous or defective condition at the pump, or that Exxon negligently created such a condition.[1]

In support of its summary judgment motion, Exxon submitted an affidavit by Helen Williams, the cashier at the time of the incident. Williams stated:

---

[1]McGuire argues on appeal that Exxon negligently failed to install "a protective breakaway device" on the gasoline pump she used. However, from our review of the record, this issue was not raised before the trial court. Consequently, it will not be considered on appeal. *See Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991).

The pump at which Ms. McGuire said gasoline spilled on her had been used many times in the minutes and hours before Ms. McGuire reported gasoline had spilled on her. No one had reported any problem or defect with the pump. Exxon had no knowledge whatsoever before Ms. McGuire reported that gasoline had spilled on her of any spilled gasoline, dangerous condition of any kind, or defective or improperly operating equipment.

McGuire presented no countervailing evidence to Williams' affidavit.

Under these circumstances, we must conclude that McGuire did not submit sufficient evidence to create a genuine issue of material fact as to whether Exxon had actual or constructive notice of a dangerous condition on the premises or that Exxon failed to maintain the pumps, thereby creating a dangerous condition.

Exxon filed a cross-appeal asserting that the circuit court committed error by allowing McGuire to appeal to this Court *in forma pauperis* without submitting an appeal bond. Our review of the record reflects McGuire submitted an appeal bond. Therefore, this issue is without merit.

The decision of the trial court is affirmed. Costs are assessed against the Appellant, for which execution may issue if necessary.


_____
HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**ALAN E. HIGHERS, J.**


_____
**DAVID R. FARMER, J.**

4