IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
January 19, 2011 Session

## MARRIOTT APPLEWHITE v. JAMES BLANCHARD, JR.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000510-05     Karen R. Williams, Judge**

—————————————

**No. W2010-00343-COA-R3-CV - Filed February 1, 2011**

—————————————

The trial court awarded a directed verdict to the Defendant in this tort action arising out of an automobile accident. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Valerie Smith, Memphis, Tennessee, for the appellant, Marriott Applewhite

Hope B. Calabro, Memphis, Tennessee, for the appellee, James Blanchard, Jr.

**OPINION**

This lawsuit arises from a July 2004 automobile accident in Memphis.  In January 2005, Plaintiff Marriott Applewhite (Ms. Applewhite) filed a complaint in the Circuit Court for Shelby County alleging that, on July 17, 2004, she suffered injuries and damages proximately caused by the negligence of Defendant James Blanchard, Jr. (Mr. Blanchard). In her complaint, Ms. Applewhite alleged that she was operating a Jeep Cherokee and traveling eastbound on Carolina Ave.; that she proceeded through a green traffic light at the intersection of Carolina and Third Street; and that her vehicle and a Dodge Ram operated by Mr. Blanchard collided.  She further alleged that Mr. Blanchard was traveling north on Third Street, and that he had unlawfully entered the intersection after proceeding through a red traffic light.  She asserted eleven acts of negligence on the part of Mr. Blanchard.  She also asserted Mr. Blanchard  had violated sections 21-87 (duty to devote full time and attention to operating vehicle),  21-88 (duty to drive at safe speed, maintain lookout, and keep vehicle under control), 21-128 (reckless driving) and 21-371 (traffic-control legend generally) of the

Ordinances of the City of Memphis, and Tennessee Code Annotated § 55-8-110 (traffic control signals) and § 55-10-205 (reckless driving), and that these violations constituted negligence *per se.* Ms. Applewhite prayed for compensatory damages in the amount $75,000.[1] Mr. Blanchard answered, denying Ms. Applewhite's allegations of negligence and asserting the doctrine of comparative fault.

A jury trial was held March 23-24, 2009. Mr. Blanchard moved for a directed verdict at the close of Ms. Applewhite's proof, and renewed his motion at the close of all the proof. In so moving, Mr. Blanchard asserted that Ms. Applewhite had failed to demonstrate that he had acted negligently. He also argued that Ms. Applewhite was at least 50% at fault. The trial court granted Mr. Blanchard's motion by order entered April 17, 2009, and denied Ms. Applewhite's motion for a new trial by order entered January 15, 2010. Ms. Applewhite filed a timely notice of appeal to this Court.

### *Issue Presented*

Ms. Applewhite presents the following issue for our review:

Can a trial court grant a directed verdict when there were lingering questions regarding apportionment of fault, conflicting testimony regarding the color of a traffic light, questions of credibility of witnesses regarding material issues of fact, for all of which reasonable minds could draw more than one conclusion?

### *Discussion*

The trial court's disposition of a motion for a directed verdict involves a question of law concerning whether sufficient evidence has been presented to create an issue for the jury to decide. *Underwood v. HCA Health Servs. of Tennessee, Inc.*, 892 S.W.2d 423, 425 (Tenn. Ct. App. 1994)(citations omitted). When considering a motion for directed verdict, the court may not weigh the evidence or evaluate witness credibility. *Id.* Rather, the trial court must look to all the evidence, taking the strongest legitimate view of it in favor of the opponent of the motion, disregarding countervailing evidence, and draw all reasonable inferences in the opponent's favor. The motion must be denied if there is any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the evidence as a whole. *Goodale v. Langenberg*, 243 S.W.3d 575, 582 (Tenn. Ct. App. 2007)(citations omitted). The unique facts of each case determines the range of reasonable inferences which

---

[1]Ms. Applewhite also served her complaint on unnamed uninsured/underinsured motorist carrier GEICO General Insurance Company, and GEICO intervened in the matter to assert its subrogation interest.

may be drawn from the facts. *Underwood*, 892 S.W.2d at 425 (citations omitted). "An inference is reasonable and legitimate only when the evidence makes the existence of the fact to be inferred more probable than the nonexistence of the fact. Any lesser test would permit the jury to rest its verdict on impermissible speculation and conjecture." *Id.* at 426. The trial court should grant a motion for directed verdict "only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence." *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994). We apply the same standard on appeal. *Underwood*, 892 S.W.2d at 425.

In this case, it is undisputed that Ms. Applewhite stopped at a red traffic light at Carolina and Third Street, and that she proceeded east through the intersection after the light turned green. It also is undisputed that Ms. Applewhite collided with the rear left side of a 16-foot flat-bed trailer attached to Mr. Blanchard's truck, and that Mr. Blanchard was transporting between 1,800 and 3,500 pounds of baled cardboard on the trailer. At the trial of this matter, Ms. Applewhite testified that she did not see Mr. Blanchard's vehicle prior to the impact. It is not disputed, however, that the accident occurred on a clear, sunny day, and that Ms. Applewhite's view was not impeded.

Mr. Blanchard testified that he was traveling northbound on Third Street at the time of the accident; that he saw Ms. Applewhite's vehicle near the center lane of traffic on Carolina, facing east; and that "[a]t some point" the traffic light changed from green to yellow "after [he] got under there." Mr. Blanchard further testified that he "knew it was going to change" when he was approaching the intersection; that he was traveling under the speed limit; and that "[w]hen [he] got through the intersection, [his] trailer was back there, and the next thing [he] knew, it got hit . . ." Upon cross-examination, however, Mr. Blanchard testified that he saw the light turn yellow as he approached the intersection. When asked whether he "saw the light turn yellow," Mr. Blanchard replied, "as I got closer, the light turned yellow." When asked whether he sped up to go through the yellow light, Mr. Blanchard replied, "Yes."

The only other proof regarding the actions of the parties at the time of the accident was the testimony of Roger Ferrell (Mr. Ferrell), a truck driver and eye-witness who was traveling in the eastbound lane of Carolina. Mr. Ferrell testified that he came to a stop at the red traffic light, and that Ms. Applewhite "pulled right up beside of [him] on the left side." Mr. Ferrell testified that Ms. Applewhite came to a complete stop at the red light, that they sat at the light for at least 30 seconds, and that he saw Mr. Blanchard's pick-up truck and trailer traveling northbound on Third Street. Mr. Ferrell testified that Ms. Applewhite proceeded through the light after it had turned green, and that he "thought she was going to miss him." Mr. Ferrell testified that Ms. Applewhite was not going "real fast" and that she waited a reasonable time before proceeding through the green light. He further testified that

Ms. Applewhite crossed three lanes of traffic before striking Mr. Blanchard's trailer, and that Mr. Blanchard had not cleared the intersection when the light turned green for the traffic traveling on Carolina. Mr. Ferrell testified that Ms. Applewhite struck the very tail end of Mr. Blanchard's trailer, and that he did not observe that Ms. Applewhite attempted to swerve or try to brake to avoid the collision. Mr. Ferrell further testified that he did not know the color of the light governing the traffic on Third Street when Mr. Blanchard proceeded through it; that Mr. Blanchard was traveling at about 30 miles an hour; and that Mr. Blanchard did not appear to either speed up or slow down.

The trial court granted Mr. Blanchard's motion for directed verdict on the basis that "[t]he law provides that a driver is still required to use reasonable care under the circumstances and should not proceed through an intersection if the driver, using reasonable care, sees or should see that another vehicle is in the intersection or so near to it that a collision is likely unless the driver slows or stops." In its order, the trial court stated that "Defendant's testimony was that he was in the intersection when the light governing the intersection through which he was traveling turned yellow." We note, however, that Mr. Blanchard's testimony regarding the color of the traffic light was inconsistent, and that Mr. Blanchard stated that he knew the light was about to change as he approached the intersection. We agree with Ms. Applewhite that the color of the traffic light governing Third Street when Mr. Blanchard proceeded through the intersection is a disputed issue of fact for the finder of fact in this case.

Under the doctrine of comparative fault as adopted in Tennessee, a plaintiff who is at least 50% at fault may not recover in a negligence action. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn.1992). When there is material evidence to support a finding of negligence, however, it is for the jury to compare and allocate fault. *Braswell v. Lowe's Home Centers, Inc.*, 173 S.W.3d 41, 43 (Tenn. Ct. App. 2005)(citation omitted). In light of the undisputed fact that Mr. Blanchard's vehicle was in the intersection when the light governing the traffic on Carolina turned green, and Mr. Blanchard's testimony that the light governing Third Street was either yellow or about to turn yellow, whether Mr. Blanchard acted negligently when he proceeded through the light hauling a 16 foot trailer carrying at least a ton of cargo is a question of fact for the jury. Additionally, notwithstanding the duty imposed on every driver to exercise reasonable care to avoid a collision, upon review of the record in this case, we find that reasonable minds could disagree on whether Ms. Applewhite failed to exercise reasonable care and, if so, the degree to which this failure contributed to the damages in this case. Finally, even assuming both parties acted negligently, the allocation of fault is a question for the jury.

***Holding***

In light of the foregoing, the trial court's award of a directed verdict in favor of Mr. Blanchard is reversed.  Costs of this appeal are taxed to the Appellee, James Blanchard, Jr.


_____
DAVID R. FARMER, JUDGE