# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 8, 2011 Session

## AMERICAN GENERAL FINANCIAL SERVICES, INC. v. MARTIN GOSS/UNKNOWN TENANT OF FORECLOSED PROPERTY

### Appeal from the Circuit Court for Knox County
### No. 121810    Dale Workman, Judge

### No. E2010-01710-COA-R3-CV - Filed April 7, 2011

The plaintiff foreclosed on real property following the default on a loan secured by a deed of trust. The plaintiff then filed a detainer warrant in General Sessions Court and the defendant appeared claiming rightful possession to the property because of a quit claim deed. After hearing the evidence, the General Sessions Court awarded possession of the property to the plaintiff. The defendant appealed to the Knox County Circuit Court. A jury trial commenced, and at the close of proof, the plaintiff moved for a directed verdict. The trial court granted the directed verdict and awarded possession of the property to the plaintiff. The defendant appeals. We affirm.

### Tenn. R. App. P. 3; Judgment of the Circuit Court
### Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., joined, and CHARLES D. SUSANO, JR., J., concurred in part and filed a separate dissenting opinion.

Martin Goss, Knoxville, Tennessee, appellant, pro se.

Jason S. Mangrum, Nashville, Tennessee, for the appellee, American General Financial Services, Inc.

### OPINION

Jim and Eleanor Hill executed a deed of trust granting a security interest in real property, located at 816 Houston Street, Knoxville, Tennessee ("the Property"), to American General Financial Services, Inc. ("American General"). Following default on the loan, American General foreclosed on the Property. American General then filed a detainer

warrant against the "Unknown Tenant of Foreclosed Property" in General Sessions Court, seeking possession of the Property.

Martin Goss appeared at the General Sessions hearing as the "unknown tenant" and claimed rightful possession of the Property by quit claim deed. The quit claim deed was executed and recorded after the recording of American General's deed of trust. After the hearing, the General Sessions Court entered a judgment in favor of American General.

Mr. Goss appealed the decision to the Knox County Circuit Court[1] as an unrepresented litigant. A jury trial commenced on July 12, 2010. At the close of proof, American General moved for a directed verdict. The trial court granted the directed verdict and held that American General established a superior right of possession to the Property. Specifically, the trial court found:

> 1. The sole issue in this action was the determination of who had a superior right of possession to the property at 816 Houston Street;
>
> 2. The Quit Claim Deed . . . relied upon by the Defendant [Mr. Goss] had major deficiencies on its face;
>
> 3. The Quit Claim Deed . . . was dated after the Deed of Trust to the Plaintiff [American General]. More importantly, the Quit Claim Deed was not recorded until some six years after the recording of the Deed of Trust to the Plaintiff [American General]; and
>
> 4. The Deed of Trust to the Plaintiff [American General] has a valid attestation and there is undisputed testimony that the Deed of Trust was executed by Jim and Eleanor Hill.

Thereafter, Mr. Goss filed a timely notice of appeal.

On appeal, Mr. Goss raises several issues regarding the trial court's grant of the motion for directed verdict and the exclusion of evidence. Mr. Goss also filed a Statement of the Evidence, which reads:

I Martin Goss here by request that

(1) Copies, certified by the clerk of Knox County Circuit Court, of all papers

---

[1]Throughout this opinion, the Knox County Circuit Court will be referred to as the trial court.

filed in the case # C-10-121810.

(2) The original(s) of any exhibits filed in the trial court;

(3) The statements of evidence or proceedings, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected;

(4) Any requests for instructions submitted to the trial judge for consideration, whether expressly acted upon or not; and

(5) Any other matter designated by a party and properly included in the record.

The Statement contained no other information about the evidence presented at trial or witnesses' testimony. The record does not contain any of the trial exhibits.

A trial court's decision to grant a motion for directed verdict is a question of law. *Underwood v. HCA Health Servs. of Tennessee, Inc.*, 892 S.W.2d 423, 425 (Tenn. Ct. App. 1994). We review a question of law de novo with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). However, this court's "authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved." *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004) (citing *Trusty v. Robinson,* No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. M.S., Feb.6, 2001). It is the appellant's burden to prepare a record that "conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). Without a proper record, appellate courts must affirm the trial court's decision and assume that "there was sufficient evidence before the trial court to support its judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (citing *McKinney v. Educator & Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)). Thus, this court only reverses the trial court's decision if we find based on the "technical" record that there is an error of law. *In re M.R.*, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. W.S., June 3, 2008). Under the circumstances of this case, we must find that the trial court's decision in favor of American General was supported by the evidence presented at trial. Accordingly, we affirm.

American General submits that it is entitled to an award of attorney's fees and costs and asks this court to find Mr. Goss's appeal frivolous. An appeal is frivolous when it is wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Industrial Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Although Mr. Goss failed to prepare an adequate appellate

record to permit review of the issues presented, we do not find this appeal devoid of merit. Therefore, we deny American General's request.

The trial court's decision is affirmed. Costs of this appeal are taxed to the appellant, Martin Goss.[2] This case is remanded, pursuant to applicable law, for the collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE

_____

[2]Mr. Goss's notice of appeal reflects that he is an indigent. He filed an affidavit of indigency, which the General Sessions Court entered an order allowing him to file the appeal to trial court on a pauper's oath.