# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

Assigned On Brief December 14, 2000

## FRANCES M. WOLFE v. THE KROGER COMPANY

**Direct Appeal from the Circuit Court for Shelby County**
**No. 83401     James F. Russell, Judge**

---

**No. W2000-00281-COA-R3-CV - Filed March 27, 2001**

---

Plaintiff sued Defendant to recover for injures she received from a fall inside Defendant's store. The trial court granted Defendant's motion for summary judgment. We affirm based on Plaintiff's failure to counter Defendant's evidence that it neither caused the condition which caused the fall nor did it have notice of that condition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded.**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Shannon D. Elsea, Memphis, Tennessee, for the appellant, Frances M. Wolfe.

Kenneth R. Rudstrom and Mildred L. Sabbatini, Memphis, Tennessee, for the appellee, The Kroger Company.

## OPINION

The plaintiff, Frances Wolfe, appeals from the judgment of the trial court granting summary judgment in favor of the defendant, The Kroger Company (Kroger). Ms. Wolfe sued Kroger alleging that, on or about January 5, 1996, while a patron at the Defendant's store, she was injured as a result of a fall on the premises. The complaint alleges that "[a]s she was exiting the register aisle of the Defendant, Plaintiff tripped over a rolled up rubber mat which was laying on the floor and protruding into the register aisle approximately one (1) foot. That the Plaintiff, Frances M. Wolfe, tripped over the mat and fell with great force to the floor approximately fifteen (15') feet from the mat." She further alleges that employees of the Defendant created this dangerous condition which resulted in her fall and injuries. The Defendant answered admitting that the Plaintiff received an injury on or about the date alleged in the complaint at its place of business but denied liability. As indicated, the defendant also filed a motion for summary judgment. The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Assocs.*, 15 S.W.3d 83 (Tenn. 2000):

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the nonmoving party's claim or exclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the [nonmoving] party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the [nonmoving] party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.2d at 88-89; *see also Madison v. Love*, No. E2000-01692-COA-RM-CV, 2000 WL 1036362, at *2 (Tenn. Ct. App. Jul. 28, 2000) (holding that "[m]aterial supporting a motion for

summary judgment must do more than 'nip at the heels' of an essential element of a cause of action; it must negate that element"). Further, a fact is "material" for summary judgment purposes, if it ' "must be decided in order to resolve the substantive claim or defense at which the motion is directed." ' ***Luther v. Compton***, 5 S.W.3d 635, 639 (Tenn. 1999) (quoting ***Byrd v. Hall***, S.W.2d at 211).

The Plaintiff argues on appeal that the trial court granted summary judgment to the Defendant on the basis of contradictory testimony by Mrs. Wolfe in her deposition. However, the order granting summary judgment does not state the trial court's basis. It is the Defendant's position that, if a dangerous condition existed, it was not caused by the Defendant or its employees and Defendant did not have notice of a dangerous condition. It is clear that Kroger owed a duty or reasonable care to patrons such as Mrs. Wolfe. This duty includes (1) the duty to maintain the premises in a reasonably safe condition; (2) the duty to inspect the premises to discover dangerous conditions reasonably recognizable by common experience and ordinary prudence; and (3) the duty to either remove or warn of the dangerous condition the possessor knows or should reasonably know about. *See Smith v. Inman Realty Co.*, 846 S.W.2d 819, 823 (Tenn. Ct. App. 1992). In order to prevail against the owner or operator of the premises for allowing a dangerous or defective condition to exist on the premises, the plaintiff must establish (1) that the defendant created the condition or (2) that the defendant had actual or constructive notice of the condition prior to plaintiff's injury. *See Hardesty v. Service Merchandise Co.,* 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997).

The Plaintiff contends that the dangerous condition was caused by the Defendant's housekeeping/cleaning crew in its effort to keep the floors clean and dry during inclement weather. In support of this argument, she relies upon the deposition of Myrtis Leffall. Ms. Leffall testified that she was working at the time and date of Mrs. Wolfe's fall. She was working at a checkout counter at the location which she believed to have been the point where Mrs. Wolfe fell and where Mrs. Wolfe was being attended by the paramedics when she returned to her checkout stand after her break. She testified that on that date there was a snow scare which leads to a run on groceries. She testified that during inclement weather, the housekeeping or maintenance staff tries to keep the front area clean. She described the mats as comfort mats which are provided for the checkers to stand upon while operating their checkout stands. She described the normal cleaning procedure as the cleaning crew sweep the mats, then places them under the registers in an area she described as a cubby, an area off the floor and underneath the register. She did not witness the fall as she was on break when the fall occurred. The affidavit of Ms. Leffall was also filed in support of the motion for summary judgment. She testified that during the time she worked at the register and when she left the register site, the mat was lying flat on the floor and properly positioned at the checkout stand. The mat was not rolled up or protruding into the isle. The affidavit further stated that she had been gone from her checkout stand no longer than 10 minutes and when she returned the paramedics had arrived and were evaluating Mrs. Wolfe.

In further support of its motion for summary judgment, Defendant filed the affidavit of Bernie Stephen Prince. Mr. Prince was the store manager at the time of the fall and states in his affidavit that, during the period of time that Mrs. Wolfe was in the store prior to her fall, no agent

or employee of Kroger advised him of anything being on the floor that would cause her to fall, including a rolled up mat protruding from the isle at the subject express check stand as alleged in the complaint. During the entire period that Mrs. Wolfe was in the store, there was never any notice given by anyone to him or, to his knowledge, to any Kroger agent or employee that there was something on the floor that might cause Mrs. Wolfe to fall, including a rolled up mat protruding from the isle.

While the testimony of Ms. Leffall does disclose the cleaning procedure, it does not disclose that this procedure was done at or near the time of the Plaintiff's fall. Viewing the evidence in a light most favorable to the Plaintiff, as we are bound to do under our review of a motion for summary judgment, a rolled up mat protruding into the isle was the cause of the fall resulting in her injury. However, Mrs. Wolfe has been unable to present evidence to counter the Defendant's evidence that the mat was not placed in that position by its employees and it did not have notice of a dangerous or defective condition. As previously stated, Mrs. Leffall testified that she was gone no longer than 10 minutes and there were no obstructions in the aisle when she left her checkout stand. In her response to interrogatories submitted by the Defendant, Mrs. Wolfe stated that "I do not know how long the object was there on the floor before I fell as I did not see anything as I was pushing my grocery basket in front of me." As a general rule, constructive knowledge cannot be established without some showing of a length of time the dangerous condition existed. *See Hardesty v. Service Merchandise Co.,* 953 S.W.2d at 682. The Defendant has made a properly supported motion for summary judgment establishing that it neither caused nor had constructive notice of the existence of a defective and dangerous condition. The burden then shifted to the plaintiff to set forth specific facts disputing this which she failed to do. *See Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). There is simply no evidence of cleaning the area in question at any time relative to the fall. The Plaintiff has failed to counter the affidavit of Mr. Prince and the affidavit and deposition of Ms. Leffall. In order for Mrs. Wolfe to recover, the trier of fact would have to speculate that employees of the Defendant rolled up, or partially rolled up, a mat and left it in the aisle, or protruding out into the isle, thus causing the Plaintiff to fall. As this court stated in *Chambliss v. Shoney's Inc.*, 742 S.W.2d 271 (Tenn. Ct. App. 1987) "[w]hen there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements." *Chambliss*, 742 S.W.2d at 273 (citing *Paradiso v. Kroger Co.*, 499 S.W.2d 78 (Tenn. Ct. App. 1973)).

While juries may properly draw inferences from the evidence before them, whether direct or circumstantial, an inference can be drawn only from the facts and evidence and cannot be based on surmise, speculation, conjecture or guess. *Benton v. Snyder*, 825 S.W.2d 409, 414-15 (Tenn. 1992) (quoting 32 C.J.S. *Evidence* § 1044(1942)). "An inference is reasonable and legitimate only when the evidence makes the existence of the fact to be inferred more probable than the nonexistence of the fact." *Underwood v. HCA Health Servs. of Tenn., Inc.*, 892 S.W.2d 423, 426 (Tenn. Ct. App. 1994).

The Plaintiff further argues that there are disputed material facts which preclude the grant of summary judgment in favor of the Defendant. She states that these facts are that she testified in her

deposition that a rolled up mat protruding from under a register caused her to trip and fall, that her daughter-in-law testified by deposition that the mat is what caused the fall and the cleaning protocol. Given our standard of review for a motion for summary judgment, we accept the Plaintiff's testimony that the mat in some way caused her to fall. While we do not find the deposition of her daughter-in-law, Paula Wolfe, in the record before us, it is not pertinent to the notice issue. We have previously addressed Plaintiff's argument regarding the Defendant's cleaning procedures.

Having reviewed the record before us, we are of the opinion that the trial court was correct in granting summary judgment and that judgment is affirmed. Costs of this appeal are taxed to Frances M. Wolfe, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE