IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 5, 2004 Session

## KENNETH E. BRASWELL v. LOWE'S HOME CENTERS, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2445      Walter Kurtz, Judge**

_____

**No. M2003-02082-COA-R3-CV - Filed January 27, 2005**

_____

This appeal involves a customer who tripped over a floor mat while waiting in a cashier's line at a home improvement store. The customer filed suit against the store in the Circuit Court for Davidson County, and a jury returned a verdict for the store after determining that the customer was sixty-five percent at fault for his injuries. The customer asserts on this appeal that the evidence does not support the jury's verdict. We affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

David S. Gardner, Nashville, Tennessee, for the appellant, Kenneth E. Braswell.

Reid D. Leitner, Nashville, Tennessee, for the appellee, Lowe's Home Centers, Inc.

**OPINION**

Kenneth Braswell was shopping at a Lowe's Home Improvement Warehouse ("Lowe's") in Nashville on December 15, 2000 when he slipped and fell. According to Mr. Braswell, he was standing in a cashier's line waiting for the customer in front of him to check out. When he decided to step out of line to ask a nearby employee a question, he slipped on a "hard plastic mat" and fell to the floor. He asserts that he injured himself when his head struck the floor.

In August 2001, Mr. Braswell filed suit against Lowe's in the Circuit Court for Davidson County asserting that Lowe's had been negligent in the placement or maintenance of the floor mat. At trial, several Lowe's employees testified that Mr. Braswell had slipped on office mats that had fallen from the shopping cart of the customer in front of him, and Mr. Braswell conceded that he was unsure whether he slipped on a support mat used by the Lowe's cashier or on the clear office mats that had fallen from the other customer's cart. However, he insisted that even if he had fallen on the

office mats, the Lowe's employees were negligent for not picking up the fallen mats sooner or warning him that they had fallen.

The jury determined that Mr. Braswell was sixty-five percent at fault and that Lowe's was thirty-five percent at fault. Thereafter, the trial court entered a judgment for Lowe's and denied Mr. Braswell's motion for a new trial. Mr. Braswell asserts on this appeal that the evidence does not support the jury's verdict and that the trial court erred by declining to use his special jury instructions.

We turn first to Mr. Braswell's complaint that the trial court erred by refusing to include his special instructions in its charge to the jury. He argues that without his requested instructions, which consisted of fragments from various appellate court opinions, the jury did not have a clear understanding of his duty of care as a customer and Lowe's duty as the operator of a self-service business open to the public.

Trial courts may appropriately decline to give a requested instruction (1) if it is not supported by the evidence, (2) if its substance is already covered in the charge, and (3) if it is incorrect or incomplete in any respect. *Ingram v. Earthman*, 993 S.W.2d 611, 636 (Tenn. Ct. App. 1998). Thus, when a party takes issue with a trial court's refusal to give a requested instruction, our task is to review the instructions actually given in their entirety, *see Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 446 (Tenn. 1992); *Abbott v. American Honda Motor Co.*, 682 S.W.2d 206, 209 (Tenn. Ct. App. 1984), and to determine whether they fairly and accurately embody the parties' theories. *See Gorman v. Earhart*, 876 S.W.2d 832, 836 (Tenn. 1994).

The trial court's instructions in this case tracked the Tennessee Pattern Jury Instructions specifically prepared for cases of this sort. We have concluded that the instructions the trial court used fairly embodied the parties' claims and defenses and provided the jury with the appropriate legal principles needed to decide the case. Accordingly, the trial court did not err in denying Mr. Braswell's request for special jury instructions.

Mr. Braswell's second complaint is that the evidence does not support the jury's determination that he was sixty-five percent at fault. As every trial lawyer knows, challenging a jury's allocation of fault is the legal equivalent of a "Hail Mary" pass. The comparison and allocation of fault is for the jury, *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 789 (Tenn. 2000), and this court will not second-guess a jury's allocation of fault if it is supported by any material evidence. *Henley v. Amacher*, No. M1999-02799-COA-R3-CV, 2002 WL 100402, at *10 (Tenn. Ct. App. Jan. 28, 2002) (No Tenn. R. App. P. 11 application filed). The process of ascertaining the evidentiary support for a jury's verdict is very deferential toward the verdict. The reviewing courts must (1) take the strongest legitimate view of the evidence that favors the verdict, (2) assume the truth of all the evidence that supports the verdict, and (3) allow all reasonable inferences that sustain the verdict. *Kelley v. Johns*, 96 S.W.3d 189, 194 (Tenn. Ct. App. 2002).

Mr. Braswell could not testify with any certainty about the nature of the mat he fell on. However, Lowe's presented credible evidence that Mr. Braswell fell on clear office mats that had fallen from the shopping cart of the customer in front of him and that Mr. Braswell fell before its employees had a reasonable opportunity to help the customer pick up the mats. This evidence, without more, provides a legally sufficient foundation for the jury's verdict.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Kenneth E. Braswell and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.