# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 21, 2012 Session

## AMANDA SMITH v. WILLIAM R. WALKER ET AL.

**Appeal from the Circuit Court for Moore County**
**No. 930      Franklin Lee Russell, Judge**

**No. M2012-00593-COA-R3-CV - Filed September 19, 2012**

In this negligence action, the jury awarded the plaintiff a verdict against one of the two defendants. We find no error in the judgment regarding liability, but we must vacate and remand as to damages because the trial court erred in excluding testimony and evidence regarding the plaintiff's medical expenses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated and Remanded in Part**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., and FRANK G. CLEMENT, JR., J., joined.

Floyd Don Davis and Norris Arthur Kessler, III, Winchester, Tennessee, for the appellant, Amanda Smith.

S. Todd Bobo, Shelbyville, Tennessee, for the appellee, William R. Walker.

Gerald L. Ewell, Jr., Tullahoma, Tennessee, for the appellee, Jimmy F. Maloy.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a five-car-pile-up accident that occurred on Highway 55 near Motlow State Community College in Moore County on April 12, 2007. Amanda Smith's vehicle was the second car in the line of cars. She filed this negligence action in August

2008 against William Walker (fifth vehicle in line) and Jimmy Maloy (third vehicle in line).[1]

A jury trial was held on August 17, 2011. During the trial, the plaintiff presented the deposition testimony of Dr. Richard Fishbein, who saw her for injuries sustained in the accident. Defense counsel objected to certain questions posed to Dr. Fishbein, and the trial court excluded testimony given in response to those questions. The trial court also excluded medical bills included as exhibits to Dr. Fishbein's deposition. The jury returned a verdict finding Walker 100% at fault and Maloy 0% at fault. The only damages found by the jury were the stipulated property damage of $3,500. The trial court entered judgment on the jury verdict.

The plaintiff filed a motion to amend the judgment or for a new trial and to suggest additur, and the trial court denied the motion.

On appeal, the plaintiff argues that the trial court erred in excluding Dr. Fishbein's deposition testimony pertaining to medical expenses and treatment and that the trial court erred in excluding the medical bills included as exhibits to his deposition. Further, the plaintiff asserts that the jury verdict as to comparative fault is against the weight of the evidence and that the trial court erred in denying the plaintiff's motion to amend the judgment or for a new trial.

ANALYSIS

Comparative fault

The plaintiff asserts that the jury erred in finding that Maloy was not at fault.

We apply a deferential standard of review to a jury's allocation of fault. *Braswell v. Lowe's Home Ctrs., Inc.*, 173 S.W.3d 41, 43 (Tenn. Ct. App. 2005). Comparing and allocating fault is for the jury. *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 789 (Tenn. 2000); *Braswell*, 173 S.W.3d at 43. A reviewing court "will not second-guess a jury's allocation of fault if it is supported by any material evidence." *Braswell*, 273 S.W.3d at 43. In reviewing the evidence, we must "(1) take the strongest legitimate view of the evidence that favors the verdict, (2) assume the truth of all the evidence that supports the verdict, and (3) allow all reasonable inferences that sustain the verdict." *Id.*

In this case, there is material evidence to support the jury's verdict allocating all fault to Walker, the last driver in the line of cars. The plaintiff testified that she "got hit," but

---

[1]Ms. Smith originally filed suit in general sessions court but nonsuited that action.

could not identify what caused the impact with her car. According to the testimony of Maloy and Walker, the accident began when Walker's car ran into the rear of Maloy's car. Maloy lost control of his car after it was struck by Walker's car. The plaintiff asserts that, "[i]f Mr. Maloy had been driving in a careful and prudent manner, the accident would not have occurred." The plaintiff does not, however, point to any evidence to support this theory. There is material evidence to support the jury's verdict apportioning no fault to Maloy.

We affirm the judgment of the trial court as to liability.

## Evidentiary issues

The admissibility of evidence is within the trial court's sound discretion, and we review the trial court's decision to admit or exclude evidence by an abuse of discretion standard. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992). Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). Rather, a reviewing court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

Plaintiff's counsel read Dr. Fishbein's deposition testimony to the jury at trial, and the trial court granted several objections to the admission of certain testimony based upon leading questions. The following excerpts from the trial are relevant here:

"Q. And based upon your treatment of Mrs. Smith and the diagnosis that you have made would it be your position based upon a reasonable degree of medical certainty that the condition for which you treated her and which you saw her was directly related to the automobile accident in April of 2007?"

MR. EWELL [counsel for Maloy]: I objected to that one as leading too.

THE COURT: Sustain the objection. Don't read the answer.

MR. DAVIS [plaintiff's counsel]: Judge, that's not leading.

THE COURT: Well, state your objection, but I think that's an interesting

-3-

response–a way to make the response. Go ahead. Do you want a bench conference?

MR. DAVIS: Judge, yes, sir. That–

THE COURT: Read the question again.

[Question is read again.]

THE COURT: How does that not suggest the answer, which is the definition of leading?

MR. DAVIS: It is a question based on what he's testified to.

THE COURT: Okay. My ruling stands that it's leading. Sustain the objection.

. . . .

"Q. . . . Did you receive a group of medical records and medical bills for other treatment that Mrs. Smith had received?

A. Well, she went to Dr. Anderson, a chiropractor, who did conservative treatment, and that was in the period from April to July of '07, which his bill was $4,063. And then she had an MRI done at Harton Hospital, which was $4,027. She has a list of some drugs, with minimum cost of $164, treatment by me for three months for $390. Then she went to Therapy Works, which I have a [great] deal of records from 1/17/06, for a number of years, and the bill for all of those treatments was $6,518. She went to Dr. Eko. I can't pronounce his name . . . [b]ut he treated her for management, and his bill was $2,355, with a final MRI of $1,075 done in September of '09.

[Questions regarding Dr. Fishbein's familiarity with charges by medical providers in Middle Tennessee]

Q. And based upon your review of these medical records you have just gone over for us do you feel like these records are reasonable and necessary for the treatment of Mrs. Smith for the injuries for which you saw her as a result of this automobile accident?"

MR. EWELL: I objected to the form there. It's leading, "Do you feel like?"

-4-

THE COURT: Sustain the objection.

Based upon its conclusion that the excluded testimony had been obtained in response to leading questions, the trial court subsequently excluded all of the medical bills included as exhibits to Dr. Fishbein's deposition.

We must respectfully disagree with the trial court's evidentiary rulings. Rule 611(c) of the Tennessee Rules of Evidence provides that leading questions "should not be used on direct examination of a witness except as may be necessary to develop the witness's testimony." A leading question has been defined as a question that "suggests the specific answer desired." Neil P. Cohen, Sarah Y. Sheppeard & Donald F. Paine, TENNESSEE LAW OF EVIDENCE § 6.11[7][a] (2011); *see also Mothershed v. State*, 578 S.W.2d 96, 99 (Tenn. Crim. App. 1978). The fact that a question allows for a "yes" or "no" answer does not make the question leading. *Mothershed*, 578 S.W.2d at 99. We find nothing in the questions quoted above to suggest the desired answer. Rather, the attorney was making reference to previous testimony regarding the treatment received by the plaintiff to ask Dr. Fishbein for his opinion as to whether that treatment was related to the car accident at issue and whether the medical charges incurred were reasonable and necessary for the injuries sustained. We conclude that the trial court erred in excluding this testimony of Dr. Fishbein. Since the trial court's exclusion of the medical bills themselves was predicated on the exclusion of Dr. Fishbein's testimony, we likewise find that the exclusion of the medical bills was erroneous.[2]

The erroneous exclusion of evidence does not require reversal unless it affected the jury's verdict. *Pankow v. Mitchell*, 737 S.W.2d 293, 298 (Tenn. Ct. App. 1987); Tenn. R. Evid. 103(a). In this case, we conclude that the exclusion of Dr. Fishbein's testimony and the related medical bills did affect the jury's verdict. In the jury instruction regarding compensatory damages, the trial court deleted any reference to medical expenses. Moreover, prior to reading the jury instructions, the court made the following statement to the jury:

> Now, one thing that I have been asked to give you a curative instruction on, the medical bills that were referenced to some degree in Dr. Fishbein's deposition have been stricken now as an element of damages here, so you will not–if you reach the issue of damages, in other words if you decide liability in favor of the plaintiff and you're setting damages against one or more of the defendants you would not be including in that figure a figure for medical expenses, okay? Hopefully everybody understands that.

---

[2]Although the excluded medical bills do not appear in the record on appeal, the substance of the evidence is apparent from the context and from Dr. Fishbein's testimony. *See* Tenn. R. Evid. 103(a)(2).

In limiting the plaintiff's damages to the stipulated amount of property damage, the jury followed the trial court's prohibition on any consideration of medical expenses.

Because the trial court's error in excluding this evidence affected a substantial right of the plaintiff, we vacate the judgment with respect to damages and remand for a new trial on that issue.

CONCLUSION

We affirm the trial court's judgment with respect to liability, but vacate the judgment as to the amount of damages and remand for a new trial on that issue. Costs of appeal are assessed against appellee Walker, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE